## DE ARMOND *v.* GLASSCOCK ET AL.

CONTRACT.—*Married Woman.—Agreement for Benefit of Estate.—Coverture.* Suit by husband and wife for damages for failure of the defendant to convey a house and lot to the wife within a time limited by a written contract, payment having been made by the wife; and the complaint further alleged that the property had been sold on judgment and execution against the defendant, and that the plaintiffs had been evicted by the purchaser.   A second paragraph was for money had and received.   Answer, a subsequent agreement between the parties, by which the land was to be purchased by a friend of the plaintiffs, under the judgment and execution, and the purchase-money paid therefor to be repaid the purchaser by the wife, and credited by the defendant on a note held by him against the husband; that the land was so purchased; that the purchaser had always been ready to convey the land to the wife, but the plaintiffs had refused to repay him, and had voluntarily delivered possession to him; that defendant had always been ready and willing to perform on his part, and his deed was tendered with the answer.   Reply, coverture when the contract was made.   A demurrer to this reply was overruled.

*Held,* that the reply was good.   If there was any consideration shown for the subsequent contract, and if it was concerning the estate of the wife, still it was not so fair and so beneficial to the wife as to bring the case within the rule recognized in *Kantrowitz* v. *Prather,* 31 Ind. 92.

SAME.—*Statute of Limitations.*—Another paragraph of the answer, directed to the second paragraph of the complaint, relied upon the statute of limitations of six years.   The reply was the coverture of the wife.   A demurrer to this reply was overruled.

*Held,* that the demurrer was correctly overruled.

PRACTICE.—*Motion for New Trial.*—A motion for a new trial, on the ground that the court refused to receive proper and competent evidence offered by the defendant, is too general. The evidence which the court excluded should be pointed out.

APPEAL from the Decatur Common Pleas.

DOWNEY, J.—The appellees, who are husband and wife, sued the appellant. The first four of the paragraphs of the complaint are based on the following contract:

"Received of Sarah Glasscock one hundred and thirty dollars, being payment for a house and lot, now lived in by said Sarah, in the town of Westport, which I agree to make a quitclaim deed to said property in six months from this date; this April 28th, 1860. THOMAS DE ARMOND."

The paragraphs need not be separately noticed. They allege that De Armond failed to execute the deed within the time stipulated in the said contract. It is also alleged that on the 9th day of July, 1860, De Armond became replevin bail upon a judgment in favor of Poor and others against one Merryman, in said common pleas, rendered on the 5th of July, 1860, and that an execution on this judgment, issued July 16th, 1861, was levied on the lot in question as the property of De Armond, and that it was sold to one McDougal, and conveyed to him by the sheriff, July 7th, 1863, and that the plaintiffs were turned out of possession by him. There was another paragraph, for money had and received. The action was commenced on the 9th day of January, 1871.

The defendant pleaded, first, a general denial; second, that by agreement between the parties, made after the execution of the contract on which the suit is brought, and in consequence of numerous liens having accrued on the property of the defendant, it was agreed that the lot in question should be allowed to go to sale on execution, and be bought in by some friend of the plaintiff's and conveyed to her; that, accordingly, said McDougal did purchase the lot at sheriff's sale for the sum of twenty-five dollars, at the request of the plaintiffs; that the plaintiffs, by said agreement,

were to pay to the defendant the said sum of twenty-five dollars paid by said McDougal, and McDougal was then to quitclaim his title to the said Sarah; that the said McDougal has always been ready to execute said deed, but that the plaintiffs have failed to pay said sum of twenty-five dollars; that the plaintiffs voluntarily surrendered possession of said house and lot to McDougal; that the defendant has always been ready and willing to perform said contract on his part, and he files with his answer a quitclaim deed from him to said Sarah for said premises; third, the same as the second, except that it alleges that the plaintiffs were to repay to McDougal the amount paid by him for the property, and that the defendant should credit that amount on a note which he held against Glasscock, the husband of said Sarah; fourth, to the paragraph for money had and received, the defendant pleaded the statute of limitations of six years.

The plaintiffs replied by the general denial to the whole answer, and separately to the second, third, and fourth paragraphs thereof, they pleaded the coverture of the said Sarah at the time of the making of the said subsequent agreement.

Demurrers to the second, third, and fourth paragraphs of the reply were filed by the defendant and overruled.

Of these issues there was a trial by the court; a finding for the plaintiffs; motion for a new trial overruled, and judgment on the finding. The evidence is all in the record by a bill of exceptions.

The errors assigned are the overruling of the demurrers of the defendant to the second, third, and fourth paragraphs of the reply, which set up the coverture of the female plaintiff, and the refusal of the court to grant a new trial.

The contract, on which the first four paragraphs of the complaint are predicated, fixes the time within which the deed was to be executed, and hence no demand for the execution of the deed was necessary. The defendant having failed to execute the deed within the time, a cause of action accrued to the female plaintiff. In the answers to these paragraphs, the defendant set up another and subsequent

De Armond *v.* Glasscock *et al.*

contract as a bar to this cause of action. As a reason why she should not be bound by this subsequent contract, Mrs. Glasscock pleaded her coverture. We very much doubt whether the contract set up in the answer is shown to be based upon any sufficient consideration. If it is, we think it is proper for the female plaintiff to say that she is not bound by it on account of her coverture. If it be supposed that she is bound by the contract because it relates to her separate property, we think it may be answered to this that it is not shown that the subsequent promise was so fair and so beneficial to the wife as to bring the case within the rule as recognized by this court in the case of *Kantrowitz* v. *Prather*, 31 Ind. 92.

It is contended by counsel for the appellant that as the purchase-money was all paid by Mrs. Glasscock at the time of the purchase, the lien of the judgments was only nominal, and that she could have claimed a conveyance of the property, and had it relieved from the lien, according to the doctrine laid down in *Simpson* v. *Niles*, 1 Ind. 196; *Gaar* v. *Lockridge*, 9 Ind. 92; and *Glidewell* v. *Spaugh*, 26 Ind. 319. But in these cases it will be seen that the right was claimed by the vendee to insist upon a specific performance of the contract; and no doubt Mrs. Glasscock might have resorted to this remedy, had she seen proper to do so. But instead of doing this, she had a right to resort to an action for damages on the contract, as she has done. Whether, when the action was brought by her for damages, De Armond might not then have compelled her to a specific performance of the contract, we need not inquire, as no proper effort of this kind was made. It is true that De Armond did file with his answer a quitclaim deed, but at that time the title to the property was not in him, but had passed to McDougal by virtue of the sheriff's sale and deed. Had the deed been tendered in time, it would yet have been a question whether specific performance could have been compelled as against the *feme covert*. We think the court committed no error in overruling the demurrers to the paragraphs of the reply.

Next, as to the overruling of the motion for a new trial. The grounds on which it was asked were these: first, the court refused to receive proper and competent evidence offered by the defendant; second, the court excluded proper and material evidence offered by the defendant; third, the finding of the court is contrary to the evidence and the law.

The first two reasons for a new trial are entirely too general to warrant us in entering upon an examination of the record, to see whether there is any foundation for them or not. The reasons should have pointed out what evidence was improperly received or rejected. There was no deficiency in the evidence.

We think there is no good reason shown for reversing the judgment.

The judgment is affirmed, with costs.

*J. S. Scobey* and *O. B. Scobey*, for appellant.

*J. Gavin* and *J. D. Miller*, for appellees.