Morrow *v.* The State.

---

⸰

## MORROW *v.* THE STATE.

o

BILL OF EXCEPTIONS.—*Evidence.*—Although a bill of exceptions states that it contains all the evidence taken in the cause, it will not be deemed to embrace all the evidence when it clearly shows on its face that such is not the fact.

NEW TRIAL.—*Motion.*—A statement, in a motion for a new trial, that the court erred in the improper admission of evidence, is too indefinite to present any question either to the court below or to the Supreme Court.

MURDER.—*Evidence.*—On the trial of an indictment for murder, the State

gave in evidence the fact of a whispered conversation, two days after the homicide, between the defendant and the widow of the murdered man, she being jointly indicted with the prisoner.

*Held*, that the defendant had a right to testify in his own behalf as to what was said in that conversation.

From the Monroe Circuit Court.

*D. W. Voorhees* and *A. B. Carlton*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

DOWNEY, J.—Indictment for murder in the first degree against the appellant and another. The indictment is in two counts, and each for the murder of Thomas S. Christopher. The cause was tried by a jury, the defendant was found guilty of manslaughter, and his punishment fixed at four years' imprisonment in the state prison. A motion for a new trial was overruled, and judgment rendered on the verdict.

The only error assigned, presenting any question, is the refusal to grant a new trial. The motion for a new trial contains two grounds on which it is claimed the new trial should have been granted.

The first is, that the verdict of the jury was contrary to law and the evidence; and the second is on account of the alleged improper admission of evidence for the State, without designating what evidence, and refusing to allow the defendant to give evidence of what he said in a whispered conversation with Mrs. Christopher, testified to by Mrs. Baugh, and in refusing to allow the defendant to answer the question, "What did you go into the little room for?"

The first alleged error, so far as it relates to the insufficiency of the evidence, must be unavailing, for the reason that the bill of exceptions, although the judge states that it contains all the evidence "taken in said cause," clearly shows on its face that it does not contain all the evidence. When we have not all the evidence given in the cause before us, we can not decide upon its sufficiency or insufficiency to justify the verdict; and, so far as this point is concerned, we must presume in favor of the action of the circuit court.

VOL. XLVIII.—28

The statement in the motion for a new trial, as a ground or reason why a new trial should be granted, that the court erred in the improper admission of evidence for the State, is entirely too loose and indefinite to present any question either to the circuit court or to this court.

A few of the leading facts may be stated, in order to show the bearing of the first item of rejected evidence mentioned in the motion for a new trial. On the night of the occurrence, Morrow was at the house of the deceased, Christopher, and had gone to bed in the large room of the house; the children and Christopher had gone to bed in the small room. The children, or one of them, called to their mother, Mrs. Christopher, who had not yet retired to bed, and stated that their father was striking them. Mrs. Christopher went into the room where they and their father were, and found that he had been or was stabbing them with a knife. He thereupon stabbed her also, when she cried out to Morrow that Christopher was stabbing the children, etc. Morrow went into the room where Christopher was, and Christopher then attacked him with the knife. After a while, in their struggles, they got down on the floor, Morrow got the knife out of the hand of Christopher, and, then and there, gave him, with the knife, the wound which at once caused his death. The children, there were three of them, were all found to be seriously wounded. Mrs. Christopher was dangerously wounded, and Morrow was also found to be very badly wounded in the face, in the back, and in his thigh; the wound in the back penetrating the lungs.

The theory of the prosecution was, that criminal relations existed between Morrow and Mrs. Christopher. She was indicted, with Morrow, as one of the perpetrators of the crime, and it is charged in the second count of the indictment, that she held her husband while Morrow inflicted the mortal wounds. The occurrence in question took place on Sunday night. The State, to support its theory in part, introduced Melvina Baugh, who testified that on the next Tuesday she was at the house of the deceased; that Mrs. Christopher, on account of her wounds, was in bed, and that the defendant came into

the house, went to the bed, and held a conversation with her in a whisper.

When the defendant was giving evidence as a witness, in his own behalf, he was asked by his counsel to state what it was he had said to Mrs. Christopher on that occasion, counsel stating to the court that it was expected to prove that Morrow spoke to her about employing a girl to help the family while in their wounded condition. The court sustained an objection to this evidence, made by the prosecuting attorney, excluded the evidence, and to this ruling there was an exception.

It is exceedingly unjust to an accused party to admit his act in evidence, and to allow it to be insisted that the act is one of criminality or evidence of criminality, and at the same time to exclude what was said by the accused, at the time of and connected with the act, in explanation of its character. The naked act may import or be construed as importing criminality, when, taken in connection with what was said, it may be innocent or even commendable.

It must be seen, on a moment's reflection, that what, in this case, was produced by the officer of the State as an inculpatory fact, would, if accompanied by the words sought to be proved by the defendant, have been at once rendered innocent and harmless. It would be no more unjust to the defendant, in such a case, to permit the State's attorney to prove such part of a conversation of the defendant as tended to make out the State's case, and exclude the residue because it was favorable to the defendant. We had occasion to examine the authorities on this subject, to some extent, in *Hamilton* v. *The State*, 36 Ind. 280, and that case and the authorities cited will sustain our ruling in this case. We hold that the ruling of the court was erroneous.

The question with reference to the other item of excluded evidence is this: The defendant, when giving evidence, was asked the question why he went into the little room. The prosecutor objected to the defendant's answering the question, and the objection was sustained. The ground of the objection does not appear in the bill of exceptions, but, in argument, it

is said to have been that the question called for a statement, by the defendant, of his secret and unexpressed motives and intentions, which it is contended he was not authorized to give in evidence. It is not stated what it was intended or expected to prove in answer to the question. Until the defendant in a criminal case was allowed to testify for himself, this question could not have arisen. The question is one of no little importance. Counsel have not argued it at any length or furnished us a reference to any authority. It ought not to be decided without a fuller argument, as the question may not be fully presented; and, as the judgment must be reversed for the reason already stated, and the same question may not again arise in the case, we will leave it undecided for the present.

The judgment is reversed, and the cause remanded, with instructions to grant a new trial. The clerk will certify to the warden of the state prison, as required by law.