Harter *v.* Eltzroth.

No. 12,194.

## HARTER *v.* ELTZROTH.

| 111 | 159 |
| 113 | 239 |
| 116 | 444 |
| 119 | 439 |
| 111 | 159 |
| 129 | 471 |
| 111 | 159 |
| 141 | 539 |
| 141 | 700 |
| 111 | 159 |
| 149 | 39 |

PRACTICE.—*Appeal.—Showing of Error.—Reversal of Judgment.*—Unless the record affirmatively shows the existence of error, and that it was, or probably was, prejudicial to the party complaining, the judgment will not be reversed.

SAME.—*Evidence.—Examination of Witness.—Objection to Question.—Statement as to Answer Expected.*—To constitute available error in ruling out a question propounded to a witness, the interrogating party must announce to the court what he expects to elicit in answer to the question. A general statement that he expects to follow up the question by showing a certain fact, but not announcing that he expects to make the proof by the witness interrogated, is not a compliance with the rule.

CORPORATION.—*Sale of Stock.—Implied Warranty.*—There is no implied warranty on the part of the vendor of certificates of stock, that the corporation issuing them is a corporation *de jure.* If the corporation is a *de facto* one, that is sufficient to relieve the vendor from any implied warranty as to the existence of the corporation.

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Humphries,* for appellant.

*E. C. Snyder, G. D. Hurley, B. Crane* and *W. H. Thompson,* for appellee.

ZOLLARS, C. J.—Appellant purchased from appellee certificates of stock in the Crawfordsville and Shannondale Consolidated Turnpike Company. He claims that the stock is not worth what he gave for it, and that, therefore, he suffered loss by reason of the purchase. He further claims, that appellee is liable to him because of warranties, express and implied, and because of fraudulent representations in the sale and transfer of the stock to him, in relation to the value of the stock, in relation to the stock having been paid up, and in relation to the debts, and the legal incorporation of the company.

It is urged that the court below erred in excluding evidence which would have proved, or tended to prove, the existence and violation of the alleged warranties, and the existence of the alleged fraud on the part of appellee.

It is contended on the part of appellee, that the record does not present the questions discussed by counsel in such a way as to justify this court in overthrowing the judgment in his favor. That contention can not be disregarded.

It has long been the settled rule, that this court will not reverse a judgment of the trial court unless the record affirmatively shows the existence of the errors urged by the complaining party, and, also, that those errors were, or probably were, prejudicial to the party against whom they were committed. *Binns* v. *State*, 66 Ind. 428; *Cline* v. *Lindsey*, 110 Ind. 337, and cases there cited; *McKinsey* v. *McKee*, 109 Ind. 209, and cases there cited.

When appellant was upon the stand as a witness in his own behalf, he was asked by his counsel to state what, if anything, appellee said at the time of the transfer of the stock about its being paid up. The court sustained an objection to the question, and appellant excepted, but it was in no way stated to the court what fact, or facts, appellant expected to prove by an answer to the question. The trial court was not informed of what the answer to the question might be, nor had it any means of knowing. Neither has this court any means of knowing what the answer might have been.

This court, clearly, can not assume, or presume, that the answer would have been such as to establish any fact favorable or beneficial to appellant. For aught that was made to appear below, and for aught that is shown by the record here, it might as well be assumed that the answer, if allowed, would have been detrimental to appellant. It is sufficient here, that the record does not affirmatively show that appellant was injured by the ruling of the court below in sustaining the objection to the question, nor that there was error in that ruling. *Mitchell* v. *Chambers*, 55 Ind. 289; *Wilcox* v. *Majors*, 88 Ind. 203; *Louisville, etc., R. W. Co.* v. *Smith*, 91 Ind. 119; *Elliott* v. *Russell*, 92 Ind. 526 (530).

What we have said in reference to the ruling of the court

below upon the above question applies to the rulings upon all the other questions propounded to appellant.

A question as to the value of the stock at the time of the transfer to appellant was propounded to the witness, Durham. Upon objection being made to the question, appellant announced to the court that he expected to follow it up by showing that appellee represented the stock to be of some value. Upon that announcement, the court ruled that appellee would have to introduce that evidence first. There was no available error in that ruling, if for no other reason, for the reason that appellant neither excepted to the ruling nor assigned it as a cause for a new trial. 1 Works Pr., section 929; *Frybarger* v. *Andre*, 106 Ind. 337; *Hampson* v. *Fall*, 64 Ind. 382; *North Western Mutual Life Ins. Co.* v. *Heimann*, 93 Ind. 24.

The general statement by appellant, that he expected to follow up the question to Durham by showing that appellee represented the stock to be of some value, can not be extended to, and so connected with, the questions propounded to appellant, as a witness, as to fill the demands of the rule which requires that, in order to constitute available error in ruling out a question, the interrogating party must announce to the court what he expects to elicit from the witness in answer to the question. The offer must be to make the proof by the same witness to whom the question is propounded.

Appellant further contends that the court below erred in overruling his demurrer to the second paragraph of appellee's answer. There is no available error in that ruling.

In the first place, that paragraph of answer negatives all of the allegations of warranty and fraud set up in appellant's complaint.

Appellee did not, by the sale and transfer of the certificates of stock, impliedly warrant that the turnpike company had been incorporated in strict compliance with the statute authorizing such corporations. There was a statute author-

izing such corporations, and the answer shows that, at the time the certificates of stock were issued, the turnpike company was, at least, a *de facto* corporation. That was entirely sufficient to exonerate appellee from liability on account of any implied warranty there may have been in the sale and transfer of the certificates of stock, as to the existence of the corporation.

In a case involving municipal bonds issued without statutory authority, and in speaking of the implied warranty in the sale of such securities, the Supreme Court of the United States, in the case of *Otis* v. *Cullum*, 92 U. S. 447, said: "The seller is liable *ex delicto* for bad faith; and *ex contractu* there is an implied warranty on his part that they belong to him, and that they are not forgeries. Where there is no express stipulation, there is no liability beyond this. If the buyer desires special protection, he must take a guaranty." A less liberal rule, clearly, can not be applied to the sale and transfer of certificates of stock.

It was held in the case of *People's Bank* v. *Kurtz*, 99 Pa. St. 344 (44 Am. R. 112), as stated in the syllabus, that the vendor of a share of stock impliedly warrants that the same is issued by the duly constituted officers of the company; and that he does not impliedly warrant that such a share has not been fraudulently issued by the officers in excess of the charter limit.

We have been unable to find any authority holding that the vendor of shares of stock impliedly warrants that the corporation, by which the certificates of stock were issued, was a corporation *de jure*.

The record presents no error for which the judgment should be reversed.

Judgment affirmed, at appellant's costs.

Filed May 24, 1887.