Robinson *v.* State.

ROBINSON *v.* THE STATE.

[No. 18,719.   Filed March 16, 1899.]

APPEAL AND ERROR.—*Bill of Exceptions.*—The certificate of the judge that the bill of exceptions was presented to him on a certain date for signature, will control a journal entry recited in the record that the bill was presented on a later date.   *pp. 305, 306.*

SAME.—*Bill of Exceptions.*—Where the bill of exceptions was presented to the court within the time allowed it is properly in the record, although it was not finally approved nor filed until after the prescribed time.   *p. 306.*

WORDS AND PHRASES.—*Appeal and Error.*—The word "protest" is not equivalent to the word "except" as used in reserving an exception to a ruling of the court, and "earnestly protesting" against a ruling presents no question on such ruling for review.   *pp. 306, 307.*

INSTRUCTIONS.—*Irrelevant Instructions.*—*Criminal Law.*—Giving instructions irrelevant to the issues and evidence constitutes reversible error, where such instructions tend to injure the complaining party.   *pp. 307, 308.*

SAME.—*Irrelevant Instructions.*—*Criminal Law.*—Giving an instruction defining self-defense in a prosecution for an assault and battery with intent to commit manslaughter does not amount to reversible error, although the evidence showed that defendant was at no time assaulted nor menaced by any threat, sign or gesture, nor at any time in a situation to apprehend bodily harm.   *pp. 308, 309.*

SAME.—*Irrelevant Instructions.*—*Criminal Law.*—Error cannot be predicated by defendant on the giving of an instruction defining

malice and stating some elements of proof thereof as related to murder, where defendant was convicted of assault and battery with intent to commit manslaughter. *p. 309.*

INSTRUCTIONS.—*Assault and Battery.*—*Criminal Law.*—An instruction to the effect that if the jury believed, beyond a reasonable doubt, that defendant committed the assault and battery charged in the indictment, and that at the time he did so he was in a sudden heat of passion, produced by the prosecuting witnesses, or either of them, in the employment of personal violence upon him, and being in such heat, before sufficient time had elapsed for the heat to cool, he, by said assault and battery, without malice, purposed and designed to kill, then the defendant should be found guilty of assault and battery with intent to commit voluntary manslaughter, is not bad for obscurity, nor by reason of its failure to qualify the degree of violence defendant must suffer before he became entitled to the principle of self-defense. *pp. 309, 310.*

From the Tipton Circuit Court. *Affirmed.*

*J. M. Fippen, J. M. Purvis, Dan Waugh, J. P. Kemp* and *J. N. Waugh,* for appellant.

*William L. Taylor,* Attorney-General, *Merrill Moores, J. W. Fesler* and *E. E. Stevenson,* for State.

HADLEY, J.—Appellant was convicted of an assault and battery with intent to commit voluntary manslaughter. He has assigned in this court as errors: (1) The overruling of his motion to quash the indictment; and, (2) the overruling of his motion for a new trial; but the only questions presented in his brief arise under the motion for a new trial.

Appellee contends that the bill of exceptions is not properly in the record. It appears that the motion for a new trial was overruled, and exception taken on the 24th day of March, 1898, and sixty days given appellant in which to file his bill of exceptions. On the 9th day of May, 1898, appellant filed in the office of the clerk the longhand manuscript of the shorthand report of all the evidence introduced in the cause. The next journal entry recites "that on the 16th day of July, 1898, in vacation * * * the defendant filed in the clerk's office his bill of exceptions herein, tendered to and

signed by the Honorable Walter W. Mount, sole judge of said court, on the 15th day of July, 1898, which bill of exceptions embraces the original longhand manuscript of the shorthand report of the evidence filed in the clerk's office of said court on the 9th day of May, 1898, which bill of exceptions reads," etc. Then follows the bill of exceptions, at the close of which is a certificate of the presiding judge to the effect "that on the 24th day of March, 1898, the court overruled defendant's motion for a new trial, to which ruling the defendant at the time excepted; and the court gave the defendant sixty days in which to prepare and file this, his bill of exceptions, and the defendant now here tenders and presents to the judge this, his bill of exceptions, for his signature, this 12th day of May, 1898, which is within the time given by the court. [Signed] Walter W. Mount, Judge Tipton C. C." After the general certificate is the following: "Examined and approved by the court, and ordered made part of the record this the 15th day of July, 1898. Walter W. Mount, Judge Tipton C. C."

The recital in the order-book that the bill of exceptions "was tendered to, and signed by the judge on the 15th day of July, 1898," goes for naught when it comes in conflict with the certificate of the presiding judge, in which it is stated, as facts, identified and authenticated by his signature, that the bill was "tendered and presented" to him for his signature on the 12th day of May, 1898, and finally approved by him, and ordered made part of the record on the 15th day of July, 1898. *Indiana, etc., R. Co.* v. *Adams*, 112 Ind. 302. It appears affirmatively from the record that the bill was prepared and presented to the presiding judge in due season, and it is therefore effective, although not finally approved nor filed until after the expiration of the prescribed time. Section 1918 Burns 1894, section 1849 Horner 1897; *Vincennes Water Co.* v. *White*, 124 Ind. 376; *Terre Haute, etc., R. Co.* v. *Bissell*, 108 Ind. 113. The bill of exceptions is properly in the record.

Upon the trial, the court limited the argument to thirty-five minutes on a side, and afterward extended it to forty minutes; and the appellant contends that this was an unreasonable allotment of time, and impaired his constitutional right to have his case fully presented to the jury. The record, however, shows appellant to be in the position of having taken no exception to this action of the court. It appears that when the court refused, upon request, to grant further time, the defendant "earnestly protested"; but it is nowhere shown that he at any time excepted or attempted to reserve an exception. "Protest" and "exception" are not equivalent terms in law. "Protested," in the sense conveyed by the record, means an expression of dissent to the act of the court, on the ground of impropriety or illegality, and nothing more. In law, "exception" has a technical signification. It implies that the exceptant reserves the right to present an adverse ruling to a court, having cognizance of error, for review. Its office is to put the decision objected to of record for the information of an appellate tribunal. It will not do to say that the term "earnestly protested" conveyed any such meaning.

It is urged by appellant that the court erred in instructing the jury in the law of self-defense when there was no question of self-defense involved in the case. The bill of exceptions shows that the defendant at no time, in stating his defense to the jury, or in the introduction of his evidence, or in the argument to the jury, made any claim that he acted in self-defense, but placed his defense solely upon the ground and theory that he did not commit the assault and battery charged in the indictment. The bill also shows that the instructions upon the subject of self-defense were given upon the request of the State, and over the objection of the defendant. The evidence adduced shows that the defendant was, at no time, assaulted by either of the prosecuting witnesses, nor menaced by any threat, sign, or gesture, nor, at any time, in a situation to apprehend bodily harm from either of the prosecuting witnesses. It is a well established rule that instruc-

tions to a jury should be pertinent to the issues and to the evidence.    *Reed* v. *State,* 141 Ind. 116, 122, and authorities cited.    And it constitutes reversible error if inapplicable instructions tend to injure the complaining party.    *Stockton* v. *Stockton,* 73 Ind. 510.    When, however, it is apparent that irrelevant instructions do not injure the complaining party, the error in giving them is not effective to work a reversal of the judgment.    Elliott's Gen. Prac., section 899, and authorities cited.

The evidence shows that there were nine young men engaged in a quarrel on the highway after night, three on one side, and six on the other, and that, at most, but four of them became engaged in a fight,—appellant, Robinson, and Carver, on one side, and Cochran and McNew, on the other. Cochran and McNew were both cut a number of times with a knife.    The evidence is conflicting as to whether Robinson inflicted all or any of the injuries upon the prosecuting witnesses, and he testified—and there was some other testimony to the same effect—that he did not strike either of the prosecuting witnesses, with or without a knife; but the evidence was of a character to fully warrant the jury in finding that he perpetrated some, if not all, of the injuries suffered by Cochran and McNew.    The matter of self-defense presupposes the commission of the acts charged, and its consideration by the jury, therefore, is secondary, and postponed until the facts charged in the indictment have been first established.    It is then considered, to determine whether there was legal justification for the acts committed.    In this case there was a fight in which both the prosecuting witnesses were cut with a knife, one seriously.    It is not probable that they cut themselves, nor that they cut each other.    Neither appellant nor his friend Carver was cut.    And it was the province of the jury to determine, from the evidence, if the appellant inflicted the injuries.    This the jury did, and, having found that he committed the acts charged, it is not apparent how he could be injured by advice to the jury that they might prop-

erly consider whether the facts proved would not constitute a legal excuse. The character of the case is such that the jury were necessarily required first to determine whether the appellant struck the wounding blows; and, under appellant's contention, if it is found that he did not strike the blows, then he should be found not guilty, and there the inquiry should end; and, if it is found that he did strike them, then he should be found guilty, if the other essential facts of the indictment are established, and there the inquiry should end. Because the court suggested to the jury an additional chance for acquittal could not possibly injure appellant. It follows, therefore, that the instructions touching self-defense, on the facts in this case, though erroneous, were harmless to defendant, and not a sufficient cause for a reversal of the judgment.

The tenth instruction, given by the court, is complained of. In this, the court defined express and implied malice, and stated some elements of proof of both, as related to the crime of murder. The definitions and methods of proof stated have the unqualified sanction of the law. Besides, it affirmatively appears that appellant was unharmed, even if the instruction had been erroneous, for the reason that he was convicted of an assault and battery, with intent to commit voluntary manslaughter,—a lesser grade of crime, in which malice does not enter as an element. *Rains* v. *State, ante,* 69.

The fourteenth instruction given by the court is also called in question. In substance, it informed the jury that if they believed, beyond a reasonable doubt, that the defendant unlawfully committed the assault and battery charged in the indictment, and at the time he did so he was in a sudden heat of passion, produced by a provocation given by Cochran and McNew, or either of them, in the employment of personal violence upon him, and, being in such heat, before sufficient time had elapsed for the heat to cool, he, by said assault and battery, without malice, purposed and designed to kill, then the defendant should be found guilty of assault and battery,

with intent to commit voluntary manslaughter.    Appellant's charge that this instruction is obscure, and calculated to confuse and mislead the jury, is without force; and his further contention that it is erroneous, for failure to qualify the degreé of violence appellant must suffer before he became entitled to the principle of self-defense, is equally untenable. We find no valid objection to this instruction.

Objections are also urged to the court's instructions, numbers seventeen, eighteen, and nineteen.    These cover the doctrine of self-defense,—that whoever invokes it must be himself without fault; the principle of retreating to the wall; that it is allowed the citizen as a shield, and not as a sword; and throughout they correctly state the law.

There are many other reasons assigned for a new trial, but not presented by appellant in his brief.    We find no available error in the record.    Judgment affirmed.