THE WINDFALL NATURAL GAS, MINING AND OIL
COMPANY *v.* TERWILLIGER ET AL.

[No. 18,577.   Filed March 31, 1899.]

APPEAL AND ERROR.—*Assignment of Error.—Motion to Modify Special Finding.*—An assignment of error that the court overruled appel-
lant's motion to modify its special finding of facts will not be con-
sidered, where the record does not show that such motion was
filed.  *p. 365.*

PRACTICE.—*Motion to Modify Special Finding.*—There is no rule of
practice authorizing a motion to modify a special finding of facts.
*p. 365.*

APPEAL AND ERROR.—*Bill of Exceptions.*—The record must affirma-
tively show that a bill of exceptions was signed by the trial judge
before it was filed with the clerk.  *p. 366.*

INJUNCTION.—*Laying Pipe Line on Land of Another Without License.
—Removal by Landowner.*— A gas company that lays a pipe line
through lands without permission of the owner is not entitled to
maintain a suit to enjoin the landowner from removing the pipe
line.  *pp. 366, 367.*

From the Tipton Circuit Court.   *Affirmed.*

*W. O. Dean, G. H. Gifford* and *J. R. Coleman,* for ap-
pellant.

*J. A. Swoveland* and *J. F. Pyke,* for appellees.

JORDAN, J.—The Windfall Natural Gas, Mining & Oil
Company, appellant herein, is a corporation organized under
the laws of this State for the purpose of furnishing gas to the
citizens of Windfall, in Tipton county, Indiana.

In the lower court it unsuccessfully sought to obtain a per-
petual injunction against the defendants to restrain them
from interfering with or removing a certain pipe line, which,
as alleged in the complaint, had been constructed by this
company over the lands of the defendants, and which line, as

the complaint averred, they were threatening to remove, etc. The issues between the parties were joined under the general denial and upon the trial the court made a special finding of facts upon which it stated its conclusions of law adversely to the plaintiff. The latter filed a motion for *venire de novo*, which was overruled. It then filed a motion for a new trial, which was also denied, and judgment was rendered against it for cost.

The assignments of error are: First, that the court erred in overruling appellant's motion to modify its special finding of facts; second, that the court erred in overruling the motion for a new trial; third, that the court erred in each of its several conclusions of law on the facts found.

The first assignment is not supported by the record, as the latter does not disclose that appellant filed a motion to modify the special finding. Therefore, this assignment must be dismissed without consideration. Aside, however, from the fact that the record does not show a motion to modify the special finding, or any action taken by the court thereon, it may be said that there is no rule of practice authorizing such motions. *Sharp* v. *Malia*, 124 Ind. 407; *Tewksbury* v. *Howard*, 138 Ind. 103.

If appellant intended to assail the action of the court in overruling the motion for a *venire de novo*, it should have properly assigned this ruling as error.

Some questions are discussed by counsel for appellant which depend upon the evidence. The bill of exceptions, however, which purports to embrace both the evidence and also the particular rulings of which appellant complains, is not in the record, for the reason that it does not affirmatively appear that the bill was filed in open court, or with the clerk, after it was signed by the trial judge.

The motion for a new trial was overruled and final judgment rendered at the February term, 1897, of the Tipton Circuit Court, and sixty days granted in which to file a bill of exceptions. What purports to be a bill of exceptions, em-

bracing the evidence, together with matters and rulings inci-
dent thereto, appears to have been presented to the judge for
his approval and signature on the 26th day of June, 1897.
This bill was not signed by him until the 2nd day of August,
1897, and there is nothing whatever to show that this docu-
ment was filed after it received the signature of the judge.
The clerk, in his general certificate, certifies that the bill of
exceptions, with the longhand manuscript of the evidence in-
corporated therein, was filed in his office on the 26th day of
June, 1897. This is the only affirmative showing to the ef-
fect that the bill was filed. If this recital in the clerk's cer-
tificate be accepted as showing the filing of the bill, it, when
construed with or applied to the statement of the trial judge
in the bill itself, that he signed it on August 2, 1897, con-
clusively discloses that the document was filed a month, and
over, prior to its becoming a bill of exceptions by receiving
the judge's signature. A bill of exceptions, in order to be
considered a part of the record on appeal to this court, must
be shown to have been filed after it was signed by the trial
judge. This is a familiar and well affirmed rule. *Makepeace*
v. *Bronnenberg*, 146 Ind. 243; *Louisville, etc., R. Co.*
v. *Schmidt*, 147 Ind. 638. The evidence not being in the rec-
ord, we cannot consider any questions arising out of the same
or depending thereon.

Among the facts disclosed by the special finding are the
following: Appellees owned certain lands in Tipton county,
Indiana, situated along a highway, upon which highway ap-
pellant had established and constructed gas mains. On De-
cember 20, 1897, appellant unsuccessfully endeavored to pro-
cure from appellees a right to lay and construct a two-inch
pipe line over the lands in question for the purpose of con-
ducting natural gas from a certain gas well, owned by the
former, to the town of Windfall. Appellees, it seems, re-
fused to permit appellant to lay and maintain its gas pipes
over and across their lands unless it would compensate them
for the right and privilege so to do, and, as it is disclosed, they

protested and objected to appellant laying its pipe lines over their lands. Appellees, as it appears, made a proposition to appellant to adjust the question as to damages, etc., but this proposition the latter refused to accept. In January, 1897, over the objections and protests of appellees, and in the absence from home of the latter, appellant, with a large force of men, entered upon these lands of appellees, and constructed over and through the same, without their permission to do so, a two-inch pipe main, for the purpose of conducting gas from one of its gas wells to the town of Windfall, in order to supply its patrons at that place. After the construction of this line over the lands of appellees, under the circumstances as stated, they (appellees) cut the line as constructed through their lands, and at the commencement of this action were threatening, it seems, to cut and remove the said pipe line from their said lands.

The court expressly finds that at no time prior to the construction of this pipe line over these lands had appellant obtained any license or secured any easement or right from appellees to construct or maintain the line over their lands. Under these facts, the court certainly was justified in stating its conclusions of law adversely to appellant, and thereby denying its right to an injunction to prevent appellees from removing from their lands the gas main which has been, as the facts disclose, unlawfully placed thereon by appellant. The latter is shown to have been a wrongdoer in locating and constructing the gas main in question upon and over appellees' lands, and it certainly is not entitled to equitable relief to enable it to continue the wrong which it originally perpetrated. The facts reveal, as heretofore said, that appellant had no license, easement, or color of right whatever to locate and maintain its mains on and over appellees' lands. Clearly, therefore, under the facts, there is no foundation whatever upon which appellant can base its right to the extraordinary remedy of injunction.

If, under the facts found by the court, appellant has any

right of action against appellees, it is manifestly not one which can be entertained by a court of equity. There is no error in the court's conclusions of law upon the special finding, and the judgment is therefore affirmed.