Merrill v. State.

---

## MERRILL v. THE STATE.

[No. 19,471. Filed February 1, 1901.]

FALSE PRETENSES.—Indictment.—Denial of Truth of Pretenses.—An indictment for obtaining money and a promissory note by false pretenses, charging that defendant pretended that he was the owner of a certain piano worth $350 which he had been enabled to buy for $250 for the reason that he paid cash, and for the further reason that he was engaged in handling musical instruments,

156 99
157 465

156 99
158 158

156 99
f161 371
161 392

156 99
f170 133
f170 644

156 99
171 443

is not bad for failure to deny the truth of the pretenses, where it is charged that the piano was not the property of defendant, and had never been purchased by the defendant for any sum whatsoever. *pp. 100-102.*

APPEAL AND ERROR.—*Bill of Exceptions.—Record.*—In order to make the bill of exceptions containing the evidence a part of the record it must be filed with the clerk after being signed and approved by the court. *pp. 102-104.*

SAME.—*Instructions.—Record.—Criminal Law.*—Instructions in a criminal cause can only be brought into the record by bill of exceptions. *p. 104.*

From the Howard Circuit Court. *Affirmed.*

*J. F. Morrison, B. F. Harness, W. R. Voorhis* and *L. J. Kirkpatrick,* for appellant.

*W. L. Taylor, Merrill Moores, C. C. Hadley* and *F. N. Stratton,* for State.

DOWLING, C. J.—Indictment for obtaining money and a promissory note by false pretenses. Motion to quash overruled. Trial by jury, and verdict of guilty. Motions for new trial, and in arrest, overruled. Judgment on verdict. Error is assigned upon each of these rulings.

The objection urged against the sufficiency of the indictment is that the truth of some of the pretenses alleged is not specifically denied. The averments of the indictment as to such pretenses are as follows. "The grand jurors of," etc., "upon their oaths, present that one Neil Merrill did then and there unlawfully, feloniously, and knowingly falsely pretend to one Thomas A. Ruse, and for the purpose of obtaining the money and written obligation of the said Thomas A. Ruse, hereinafter described, that he, the said Neil Merrill, was then and there the owner of a certain piano, and that the said piano was then and there a second-hand piano, and that he, the said Neil Merrill, had bought said piano about one year previously, and had paid for said piano, in cash, the sum of $250; that said piano at the time he so bought it was worth the sum of $350 in the market, and that he, the said Neil Merrill, had been enabled to buy it for said sum of $250 for the reason that he paid cash in

Merrill *v.* State.

hand, and for the further reason that the vendor of said piano reduced the price therefor because of him, the said Neil Merrill, being engaged in handling and selling musical instruments; that said piano was then and there of first-class material and durability, and was then and there well worth in the market the sum of $250; that he, the said Neil Merrill, had been, unexpectedly, compelled to leave his home and travel, and that for that reason he would sell said piano for the sum of $150; that the said piano was then and there worth much more than $150, and that to accept $150 for said piano would cause him, the said Neil Merrill, financial loss."

The truth of these representations is denied in these words: "That in truth and in fact the said piano was not then and there the property of the said Neil Merrill, and the said Neil Merrill was not the owner of said piano; that in truth and in fact said piano was not then and there a second-hand piano, and was not then and there of first-class material and durability, but was a new piano of very cheap and inferior material, durability, and construction; that in truth and in fact said piano was not then and there of the value of $250, and had never been purchased by the said Neil Merrill for $250, but was worth then and there not more than $100, and had never been purchased by the said Neil Merrill for any sum whatsoever, and had never been the property of the said Neil Merrill, and never had been worth on the market the sum of $350, and never had been worth on the market more than $100."

Counsel for appellant say that the indictment fails to deny the truth of the representation that the appellant, Merrill, "had been enabled to purchase said piano for $250, because he paid cash, and because he was himself a dealer in musical instruments, and, therefore, was permitted to purchase it at a reduced price."

The indictment charges that "the piano had never been purchased by the appellant for any sum whatsover." What

stronger form of negation could have been adopted? If the appellant never purchased the piano at all, he certainly had not "been enabled to purchase it for $250, because he paid cash, and because he was himself a dealer in musical instruments, and, therefore, was permitted to purchase it at a reduced price." The averment that he did not purchase the piano at all necessarily included a denial of the representation "that he was enabled to buy it at a reduced price, because he paid cash, and was himself a dealer in musical instruments." The indictment was sufficient in form and substance, and the motion to quash it was properly overruled.

The next point made is that the court erred in denying appellant's motion for a new trial. The particular grounds of objection to the action of the court are that it erroneously admitted evidence of conversations between the appellant and persons other than Ruse concerning attempted sales of other pianos, and that it erred in giving and refusing to give certain instructions. The objection is interposed by the State that the bill of exceptions containing the evidence is not in the record, for the reason that the bill was not filed after it was signed by the judge; and, therefore, that no question arising upon the evidence is presented here.

The judgment in the cause was rendered April 20, 1900. Sixty days were allowed the appellant within which to file his bill of exceptions. June 19, 1900, the court reporter filed with the clerk a typewritten transcript of the evidence, and the following further entry was made by the clerk: "And the defendant now, within the sixty days heretofore fixed by this court within which to file said transcript of evidence and certificate and bill of exceptions in said cause, tenders to the court his bill of exceptions herein, and the court, not having time to make an examination thereof, writes in such bill of exceptions the presentation of the same, and date thereof, and signed said entry, and takes time for the examination of the same, and the defendant,

after such presentation and signature by the court, files said bill of exceptions, including said transcript and certificate, in open court, which transcript of evidence, certificate of the judge, and bill of exceptions, is as follows:" The certificate of the judge concludes thus: "That said Lewis V. Nicholson was duly appointed and sworn by said court to report all the evidence in said cause, and that said Nicholson as such official court reporter filed said typewritten transcript of the evidence in such cause in the clerk's office of said court within the time given by the court, and the defendant, on this 19th day of June, 1900, and within the said sixty days so granted, tenders to the court this, his bill of exceptions, and prays that the same may be signed and sealed and made a part of the record, which is done this 28th day of August, 1900. Walter W. Mount, Judge of the Howard Circuit Court." "Presented to me for examination and signature this 19th day of June, 1900, and time taken for examination. Walter W. Mount, Judge of the Howard Circuit Court."

The bill was not signed by the judge until August 28, 1900, and the record does not show that it was filed after that day. The entry of the clerk made June 19, 1900, seventy days previous to the signing of the bill, does not supply the necessary evidence of the filing of the bill on or after August 28, 1900. The entry of the clerk clearly imports that the bill was filed by the defendant June 19, 1900, after the judge had affixed his signature to a memorandum showing that the bill had been presented to him and that he had taken time to examine it. Had the entry shown anything different, it must necessarily have been false, and it would have contradicted the bill. If there were a difference between the entry of the clerk and the recitals of the bill, the latter would control. *Robinson* v. *State,* 152 Ind. 304.

The signature of the judge to the bill of exceptions, before the filing of the bill, was indispensable; and, be-

cause of the failure to file it after it was signed on August 28, 1900, it never became a part of the record. *Guirl* v. *Gillett,* 124 Ind. 501; *Ayres* v. *Armstrong,* 142 Ind. 263; *Makepeace* v. *Bronnenberg,* 146 Ind. 243; *Louisville, etc., R. Co.* v. *Schmidt,* 147 Ind. 638; *Drew* v. *Town of Geneva,* 150 Ind. 662, 42 L. R. A. 814; *Chicago, etc., R. Co.* v. *Cason,* 151 Ind. 329; *Indiana, etc., R. Co.* v. *Adams,* 112 Ind. 302; *Robinson* v. *State,* 152 Ind. 304. We are, therefore, compelled to hold that the evidence is not before us. Neither are the instructions properly in the record. Certain instructions are copied into the transcript, but they are not presented in any bill of exceptions. In a criminal cause the instructions must be included in a bill of exceptions, and they can be brought here for review in no other manner. *Utterback* v. *State,* 153 Ind. 545, and cases cited.

Finding no available error in the record, the judgment is affirmed.