## ROSS v. ILLINOIS GLASS COMPANY.

[No. 9,716.  Filed March 28, 1917.]

1.   APPEAL.—*Bill of Exceptions.—Verification.—Filing.*—It is the verification by the trial judge which gives authenticity to the contents of any bill of exceptions, and, even though the judge's certificate would be sufficient to make the evidence a part of the bill, to constitute such bill a part of the record and bring the evidence properly before the court on appeal, the bill must be shown to have been duly filed with the clerk after it was signed by the judge.  p. 168.

2.   APPEAL. — *Bill of Exceptions. — Verification. — Conflict in Dates.*—When there is a conflict in dates relating to the authenticity of a bill of exceptions, the date certified to by the trial judge is controlling.  p. 169.

3.   APPEAL.—*Presumption in Favor of Judgment.—Reversal.—Burden of Presenting Error.*—Every presumption is indulged in favor of the validity of the judgment of the lower court and it devolves upon the appellant to present reversible error before the appellate tribunal is warranted in ordering a reversal.  p. 169.

From Grant Superior Court; *Robert M. Van Atta*, Judge.

Action by James C. Ross against the Illinois Glass Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Meade S. Hays,* for appellant.
*Condo & Browne,* for appellee.

FELT, C. J.—Appellee has moved to dismiss the appeal for several reasons, among which are the following: (1) It affirmatively appears from the transcript that the alleged bill of exceptions containing the evidence was not filed in open court or in the clerk's office after it was signed by the judge; that it is shown both by the order book entry and by the certificate of the clerk that such bill of exceptions was filed in the office of the clerk on August 9, 1916, and the certificate of the judge bears date of August 10, 1916. (2) The transcript does not in fact contain any bill of exceptions into which has been incorporated the longhand manuscript of the evidence.

Our investigation of the record verifies the statements in the motion that the longhand manuscript of the evidence denominated a bill of exceptions was filed on August 9, 1916, and that the certificate of the judge bears date of August 10, 1916. There is nothing to indicate that the bill was presented to the judge prior to August 10, 1916, or that it was filed and made a part of the record after it was dated and signed by the judge on August 10, 1916. Preceding the evidence set out in the transcript the clerk certifies that "on the 9th day of August, 1916, the plaintiff filed in the clerk's office his bill of exceptions containing the evidence," which certificate bears date of August 9, 1916. Following this certificate and preceding the evidence in the transcript, there appears a "clerk's certificate to the transcript on appeal," in which it is stated that the "general bill of exceptions was filed by the plaintiff in said cause with me as clerk of the Grant Superior Court, on the 9th day of August A. D. 1916, after the judge of said court presiding in said cause, had duly allowed and

signed the same," but as already shown the judge's certificate bears date of August 10, 1916, and there is nothing to indicate that the same was presented to him prior to that date.    There is no certificate of the clerk following the evidence set out in the transcript.

Immediately following such evidence there is a certificate of the official reporter, which is followed by the certificate of the judge which is a general verification of the reporter's transcript of the evidence, but the same is not shown to have been made a part of any bill of exceptions or to have been ordered filed, or filed subsequent to the date on which it was signed by the judge.

The only error assigned which could possibly present any question is that the court erred in overruling appellant's motion for a new trial.    The court gave a peremptory instruction and the jury returned a general verdict in accordance with such instruction.    Whether the court erred in so doing cannot be ascertained without the evidence.

It is the act of the trial judge which gives authenticity to the contents of any bill of exceptions, and if it were conceded that the judge's certificate is sufficient to make the evidence a part of the bill of exceptions, to constitute the same a part of the record and bring the evidence properly before this court, such bill must be shown to have been duly filed with the clerk after it was signed by the judge, which fact is not shown by the record in this case.    *Shirk* v. *Lingeman* (1900), 26 Ind. App. 630, 641, 59 N. E. 941; *Painter* v. *State* (1911), 175 Ind. 665, 95 N. E. 113; *Johnson, Admr.,* v. *Johnson* (1900), 156 Ind. 592, 594, 60 N. E. 451; *Black* v. *State* (1908), 171 Ind. 294, 86 N. E. 72; *Windfall, etc., Oil Co.* v. *Terwilliger* (1898), 152 Ind. 364, 366, 53 N. E. 284.

If there is a conflict in dates relating to the authenticity of a bill of exceptions, the date certified to by the

trial judge is controlling. *Robinson* v. *State*
2. (1898), 152 Ind. 304, 306, 53 N. E. 223; *Merrill*
v. *State* (1900), 156 Ind. 99, 103, 59 N. E. 322.
Every presumption is indulged in favor of the
3. validity of the judgment of the lower court and
it devolves upon the appellant to present reversible error before this court is warranted in ordering a reversal. The record disclosing a judgment duly rendered, and no error being presented, the judgment is affirmed.

NOTE.—Reported in 115 N. E. 598.