## BARKER *v.* STATE OF INDIANA.

[No. 23,564. Filed October 28, 1919.]

1. CRIMINAL LAW.—*Instructions.*—*Bill of Exceptions.*—The instructions in a criminal case can be made a part of the record only by a bill of exceptions, and there must be an affirmative showing that the bill of exceptions was filed with the clerk as required by §2163 Burns 1914, Acts 1905 p. 584, §287, after it had been signed, which matters cannot be shown by recitals in the bill or by the file mark of the clerk. p. 494.

2. CRIMINAL LAW.—*Appeal.*—*Reasonable Doubt.*—*Sufficiency of Evidence.*—It is not necessary on appeal from a conviction that the evidence should show the defendant's guilt beyond a reasonable doubt in order to sustain the verdict; all that is required is that there shall be some evidence sustaining every material allegation of at least one count of the affidavit. p. 495.

3. CRIMINAL LAW.—*Appeal.*—*Evidence.*—*Weight.*—In determining whether the verdict is sustained by sufficient evidence a court of appeal will not weigh conflicting evidence, but will consider only the evidence tending to support the judgment. p. 495.

4. INTOXICATING LIQUORS. — *Keeping Place.* — *Appeal.* — *Sufficiency of Evidence.*—On appeal from a judgment of conviction for the violation of the Prohibition Act, Acts 1917 p. 15, the evidence is reviewed and *held* sufficient to sustain the verdict, under the rule that the judgment will be upheld unless there is a total lack of evidence on an essential element of the offense. p. 496.

From Vigo Circuit Court; *Arthur Z. Thomas,* Special Judge.

Prosecution by the State of Indiana against Jesse Barker. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Sweet & Littlefield* and *P. O. Colliver,* for appellant.

*Ele Stansbury,* Attorney-General, and *Edward M. White,* for the state.

WILLOUGHBY, J.—The appellant was convicted in the Vigo Circuit Court in a prosecution under §4 and §20 of chapter 4 of the acts of 1917, known as the Prohibi-

tion Act. The affidavit was in two counts. The first count charges that at the time and place named in the affidavit the defendant "did then and there unlawfully maintain and assist in maintaining a room, place and building where intoxicating liquors were then and there sold, bartered and given away." The second count charges that at the time and place named in the affidavit the defendant "did then and there unlawfully keep intoxicating liquors with intent to sell, barter, exchange and give the same away in violation of the laws of the State of Indiana." No motion was made to quash either count of the affidavit. The defendant pleaded not guilty, and a trial by jury resulted in a verdict of guilty. Judgment being rendered on the verdict, the defendant appeals and assigns as error that the court erred in overruling appellant's motion for a new trial. The motion for a new trial names nine reasons, the first seven of which are based on alleged errors in giving or refusing instructions. The others are that the verdict is not sustained by sufficient evidence, and is contrary to law.

The instructions given and those tendered and refused are attempted to be brought into the record by a bill of exceptions, but an examination of the

1.  record fails to show that the bill of exceptions was filed with the clerk as required by statute. §2163 Burns 1914, Acts 1905 p. 584, §287. The instructions in a criminal case can only be brought into the record by a bill of exceptions; it must affirmatively appear from the record that the bill of exceptions was filed with the clerk, and the filing cannot be shown by mere recitals in the bill or by the file mark of the clerk thereon, and the filing of the bill must be done after it has been signed. *Stewart* v. *State* (1888), 113 Ind. 505, 16 N. E. 186; *Drake* v. *State* (1896), 145 Ind. 210, 41 N. E. 799, 44 N. E. 188; *Harris* v. *State* (1900), 155 Ind. 15, 56 N. E. 916; *Merrill* v. *State* (1900), 156 Ind. 99,

*Donovan* v. *State* (1907), 170 Ind. 123, 83 N. E. 744; *Carr* v. *State* (1910), 175 Ind. 241, 93 N. E. 1071, 32 L. R. A. (N. S.) 1190; *Stucker* v. *State* (1908), 171 Ind. 441, 84 N. E. 971; *Donovan* v. *State* (1916), 185 Ind. 15, 111 N. E. 433; *Messel* v. *State* (1911), 176 Ind. 214, 95 N. E. 565; *Hahn* v. *State* (1916), 185 Ind. 210, 113 N. E. 725; *Goodman* v. *State* (1919), *ante* 70, 121 N. E. 826. Unless the bill of exceptions is signed by the judge and afterwards filed with the clerk, and this fact is affirmatively shown in the record, it forms no part of the record, and cannot be considered. In this case the record contains what purports to be a bill of exceptions "relating to the instructions and the rulings of the court thereon," but, as it is not affirmatively shown by the record that it was filed with the clerk, it is not a part of the record, and cannot be considered. It follows that no question is presented on the giving or refusing of instructions.

The appellant contends that the verdict of the jury is not supported by sufficient evidence; that when there is a reasonable doubt whether a defendant's guilt

2.  is satisfactorily shown, he must be acquitted. It is not necessary on appeal that the evidence should show the defendant's guilt beyond a rea-

3.  sonable doubt in order for it to be sufficient to sustain the verdict of the jury. All that is required on appeal is that there shall be some evidence sustaining every material allegation in at least one count of the affidavit. In determining whether a verdict is sustained by sufficient evidence a court of appeal will not weigh conflicting evidence, but will consider only that tending to support the judgment. A judgment will not be reversed for insufficiency of evidence unless there is a total lack of evidence to support some essential element of the offense.

The affidavit in this case was filed on November 18,

1918, and the evidence shows that on November 13, 1918, the officers of the law, armed with a search warrant, searched the premises occupied at the time by the appellant at Tenth and Crawford streets, in the city of Terre Haute, Vigo county, Indiana, and found on the premises eight quarts of whisky in bottles and another quart bottle partly full of whisky; that the premises so occupied by appellant consisted of a two-story house with double store room in front, and living rooms down stairs and up stairs and in the rear. The whisky was in bottles in a sack in a closet in the living apartments, and a dresser was standing before the door of the closet, partly concealing it.

The officers again visited defendant's place at Tenth and Crawford streets, in the city of Terre Haute, Indiana, on November 16, 1918, and found a quart bottle partly filled with whisky, and a bar bottle partly filled with whisky and four whisky glasses. The defendant, Jesse Barker, was in the house at that time, and, after the whisky was found, one of the officers said to the defendant, "Where is the rest of your whisky Jess?" And he said, "That's all I have got. Honest to God, that's all there is around here." Defendant was then asked by one of the officers if he had a government stamp and he said, "You are damned right, I bought one yesterday." The evidence shows that he paid to the deputy collector of internal revenue, on November 15, 1918, the sum of $25 for retail liquor dealer license, and $12.50 penalty. This license covered the period from July 1, 1918, to June 30, 1919, and was issued to defendant as retail liquor dealer at Tenth and Crawford streets, in the city of Terre Haute, Indiana.

4. This evidence is sufficient to sustain a verdict of the jury finding the defendant guilty, as charged in the affidavit.

The evidence sustains the verdict.    No error appearing in the record, the judgment is affirmed.

NOTE.—Reported in 124 N. E. 681.