## DEIG *v.* STATE OF INDIANA.

[No. 25,167. Filed April 3, 1928. Rehearing denied June 8, 1928.]

126

*A. E. Gore,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant was charged by affidavit and found guilty in the Vanderburgh Circuit Court of the unlawful possession of intoxicating liquor; which crime is defined in Acts 1925, ch. 48, §4, §2717 Burns 1926. Judgment of fine and imprisonment was rendered on the verdict.

The assignment of errors contains five specifications. The first and fifth specifications have been waived. The second and third, which are in regard to evidence, are not proper assignments of error; but, if properly presented, constitute causes for a new trial. *Volderauer v. State* (1924), 195 Ind. 415, 143 N. E. 674. The fourth is that the court erred in overruling the motion for a new trial.

The certificate of the judge of the Vanderburgh Circuit Court to the bill of exceptions containing the evi-

dence shows that same was signed by him on March 22, 1926. The transcript was filed with the clerk of the Vanderburgh Circuit Court on March 19, 1926. It is provided in §2330 Burns 1926 that all bills of exceptions must be presented, within the time allowed, for the signature and approval of judge, after which they shall be filed with the clerk. It is well settled that the filing of a bill of exceptions must be done after it is signed by the judge. *Drake* v. *State* (1895), 145 Ind. 210, 41 N. E. 799; *Merrill* v. *State* (1901), 156 Ind. 99, 59 N. E. 322; *Donovan* v. *State* (1908), 170 Ind. 123, 83 N. E. 744; *Williams* v. *State* (1908), 170 Ind. 642, 85 N. E. 350; *Huffman* v. *Thompson* (1912), 177 Ind. 366, 98 N. E. 113; *King* v. *State* (1916), 185 Ind. 312, 114 N. E. 34; *Barker* v. *State* (1919), 188 Ind. 493, 124 N. E. 681; *Ross* v. *Illinois Glass Co.* (1917), 64 Ind. App. 166, 115 N. E. 598. The order-book entry states that the bill of exceptions was filed on March 19, 1926, "after the same had been examined and approved by the Judge of the Vanderburgh Circuit Court." The judge's certificate to a bill of exceptions as to the date of signing and approving same will control when there is a conflict between the certificate and the order-book entry as to such time. *Robinson* v. *State* (1899), 152 Ind. 304, 53 N. E. 223; *Merrill* v. *State, supra; Ross* v. *Illinois Glass Co., supra.* In the instant case, the bill of exceptions containing the evidence is not a part of the record.

Where the evidence is not in the record, any question depending on the evidence cannot be considered, and appellant's contention that the court erred in overruling his motion to suppress the evidence, and in the admission of certain evidence, cannot be reviewed. *Smith* v. *State* (1926), 198 Ind. 484, 154 N. E. 3.

Two of the causes assigned for a new trial are that the court erred in overruling defendant's verified motion to

quash the affidavit for a search warrant; and the court erred in overruling defendant's verified motion to quash the search warrant and return thereon. Part of the statute in regard to new trials in criminal causes is as follows: "The court shall grant a new trial to the defendant for the following causes or any of them: First. Irregularities in the proceedings of the court or jury, or (for) any order of the court or abuse of discretion, by which the defendant was prevented from having a fair trial." §2325 Burns 1926. Had these motions been sustained, the rulings thereon would have prevented the use as evidence of the affidavit for a search warrant, the search warrant and return thereon, and would have prevented the admission of any evidence secured wholly by virtue of the search warrant. A party seeking the reversal of a judgment has the burden of showing that his substantial rights were prejudiced by the errors complained of. Ewbank, Manual of Practice (2d ed.) §254. As the evidence in this cause has not been presented in such a manner that it is before the court for consideration, it cannot be held that the appellant was harmed by the rulings on these motions.

Appellant has failed to show that the verdict of the jury was contrary to law.

The judgment is affirmed.