SHIVE v. STATE OF INDIANA.

[No. 28,411. Filed November 19, 1948.]

*Guy W. Dausman* and *Berkey & Berkey,* all of Goshen, attorneys for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *Merl M. Wall,* Deputy Attorney General, attorneys for appellee.

GILKISON, J.—In the trial court appellant was charged by an amended affidavit in two counts. The first charged assault and battery with intent to commit a felony, and the second charged an assault with intent to commit a felony. To each count defendant entered a plea of not guilty.

Trial by jury resulted in a verdict of guilty on the second count, and upon this verdict the court rendered judgment, sentencing the defendant to the Indiana State Prison not less than one or more than ten years.

The assignment of error questions only the overruling of the motion for new trial. This motion contains four reasons. In his brief appellant expressly waives any consideration of the first three, and relies

solely on the fourth. The fourth reason is as follows: "The court erred in permitting the state to ask the witnesses, Myers and Smith, preliminary questions which were, in effect and in truth, proper only on cross-examination and in denying the defendant the right to prove his good moral character by those witnesses."

The only bill of exceptions attempted to be brought into the record is appellant's Bill of Exceptions No. 1, containing only the evidence of Amy Myers.

It will be observed that by his motion for new trial appellant seeks to present only the propriety of preliminary questions alleged to have been asked by the state of witnesses, Myers and Smith; "and in denying the defendant the right to prove his good moral character by those witnesses." No question propounded to either of said witnesses, no objections made by appellant to any such questions, and no ruling of the court thereon are contained in the motion for new trial. There is nothing in the motion, beyond the pleader's conclusion even tending to show that the court denied the defendant the right to prove his moral character by these witnesses. There is no evidence, and no mention of the witness, Smith, in the bill of exceptions.

It has long been the law that "A motion for a new trial with causes specifically and definitely assigned, is the appropriate mode of bringing in review the rulings upon matters pertaining to the trial." Elliott's *Appellate Procedure* § 327, p. 280. It has been held frequently by this court that when reasons for a new trial are too general, the court is not warranted in entering upon an examination of the record to see whether there is any foundation for them. The reasons should always point out what evi-

dence was improperly received or rejected. *DeArmond* v. *Glasscock* (1872), 40 Ind. 418, 422; *Alley* v. *Gavin* (1872), 40 Ind. 446, 448; *Ball* v. *Balfe* (1872), 41 Ind. 221, 228; *Morrow* v. *State* (1874), 48 Ind. 432, 434; *Isler* v. *Bland* (1888), 117 Ind. 457, 459, 20 N. E. 303; *Conrad* v. *Hansen* (1908), 171 Ind. 43, 50, 85 N. E. 710; 2 Watson's *Works Practice* § 1450, p. 73, 74.

Long ago this court tersely said: "There can be no deviation from the well settled rule which requires that a motion for a new trial, in order to present any question, must point out with reasonable certainty the particular evidence objected to and excluded, and so designate it as to enable the court, without searching the whole record, to ascertain what evidence was offered and excluded to which the motion applies." *Isler* v. *Bland, supra; McClain* v. *Jessup* (1881), 76 Ind. 120; *Ireland* v. *Emmerson* (1883), 93 Ind. 1, 4; *Wallace* v. *Kirtley* (1884), 98 Ind. 485; *Conrad* v. *Hansen, supra; Indianapolis Etc. R. Co.* v. *Ragan* (1909), 171 Ind. 569, 572, 86 N. E. 966. 2 Watson's *Works Practice* § 1925, Evidence p. 506.

The fourth reason of the motion for new trial is too general and indefinite to present any question.

The burden is on the appellant to show that his rights were prejudiced by the errors complained of. A record must be presented which affirmatively shows harmful error since all the presumptions are in favor of the judgment and rulings of the trial court. Appellant has failed to make such showing. Ewbank's *Indiana Criminal Law* § 789, p. 588. *Deig* v. *State* (1928), 200 Ind. 125, 128, 160 N. E. 673; *Onstott* v. *State* (1928), 200 Ind. 37, 40, 161 N. E. 267; *Kirschbaum* v. *State* (1925), 196 Ind. 512, 517, 518, 149 N. E. 77; *Pitts* v. *State* (1939), 216 Ind.

168, 171, 23 N. E. 2d 673; *Genett* v. *State* (1925), 197 Ind. 105, 111, 149 N. E. 894. Eliott's *Appellate Procedure* § 195, p. 167. *Harter* v. *Eltzroth* (1887), 111 Ind. 159, 160, 12 N. E. 129.

Finding no error the judgment is affirmed.

NOTE.—Reported in 82 N. E. 2d 244.