No. 10,863.

KINCAID ET AL. *v.* NICELY ET AL.

DEMURRER TO EVIDENCE.—*Practice.*—Where, upon a demurrer to evidence, there is evidence tending to sustain the party having the burden of the issue, the demurrer should be overruled, and, if no such evidence, sustained.

From the Boone Circuit Court.

*F. M. Charlton, T. W. Lockhart* and *C. S. Wesner,* for appellants.

*W. B. Walls,* for appellees.

BLACK, C.—In an action to which the appellants and the appellees were parties, the appellees filed a cross complaint against the appellants, to which the appellants answered by general denials. The record shows that " to try the issue herein joined on the cross complaint," the same was submitted to a jury. The jury having heard the evidence of the cross complainants, the defendants to the cross complaint demurred to the evidence. The jury was discharged, the demurrer was filed, and the appellees, without objection, joined in the demurrer. The court overruled the ·demurrer, and rendered judgment for the appellees as prayed in the cross complaint.

The only question argued by counsel is whether the evidence was sufficient, on demurrer thereto, to sustain the allegation of the cross complaint, that the grantor in a certain deed of conveyance of real estate was of unsound mind when he executed it. There was some evidence tending, though perhaps slightly, to prove the grantor's temporary unsoundness of mind. When this can be said, it must also be said that it was not error to overrule the demurrer. On demurrer to evidence, the court must look to see whether there is any evidence tending to sustain the party having the burden. If there is no such evidence, the demurrer should be sustained; but if there is any such evidence it can not be weighed as evidence is weighed by a jury. No question concerning the

credibility of the witnesses can be entertained, nor can any portion of the evidence of a contrary tendency be considered and permitted to outweigh the evidence, the tendency of which is against the demurring party.

It is not improbable that a jury would have decided against the appellees, but the court was not acting as a jury, but was acting only as a court. Its province was to apply the law to admitted facts, to decide against the appellees if there was no evidence tending to sustain the material averments of the cross complaint; to decide in their favor if there was any evidence of such a tendency. If it was allowable to a jury to decide in favor of the appellees, it was the duty of the court, to do so. The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.