Nordyke & Marmon Company v. Van Sant.

No. 11,408.

NORDYKE & MARMON COMPANY v. VAN SANT.

DEMURRER TO EVIDENCE.—Where the plaintiff's evidence tended to show every material fact necessary to his recovery, and from it the jury might properly have found a verdict in his favor, a demurrer by the defendant to such evidence should be overruled.

NEGLIGENCE.—*Employer and Employee.*—An employer is liable to an employee for a personal injury resulting from a failure to provide proper machinery or from the employment of incompetent servants.

From the Superior Court of Marion County.

*J. T. Dye* and *W. P. Fishback*, for appellants.

*R. Hill* and *W. H. Martz*, for appellee.

BICKNELL, C. C.—The appellee brought this suit against the appellant, a corporation operating a machine shop and foundry, to recover damages for injuries sustained by the appellee while a day laborer in the employment of the appellant.

The complaint averred, in substance, that the plaintiff was employed to aid his fellow-workmen and do other work about the defendant's shop, a part of which work was to help move heavy iron shafts on and off and about a certain lathe planer; that while the plaintiff was assisting to move a shaft from said lathe planer, the shaft fell and broke his arm in three places and disabled him for life; that these injuries were sustained without any fault of the plaintiff, and were caused by the carelessness and negligence of the defendants in placing their lathe planer in an unsafe and dangerous position, and in

Nordyke & Marmon Company *v.* Van Sant.

employing an ignorant and incompetent person to manage the handling of it, and in failing to provide proper machinery to move such heavy shafts on and off said lathe planer.

The defendant answered by a general denial. The cause was submitted to a jury, and after the plaintiff's evidence was heard the defendant demurred to it. The court in special term overruled the demurrer to the evidence, a jury assessed the plaintiff's damages at $800, and judgment was rendered therefor. The defendant appealed to the superior court in general term, assigning as error that the court in special term erred in overruling the defendant's demurrer to the evidence. The court in general term affirmed the judgment of the court in special term. The defendant appealed to this court; he assigns as error here, that the superior court in general term erred in affirming the judgment of the court in special term.

When the defendant demurs to the plaintiff's evidence, the demurrer ought to be overruled, if from the evidence the jury might have properly found a verdict for the plaintiff. *Stanford* v. *Davis*, 54 Ind. 45.

On a demurrer to evidence, everything will be taken against the party demurring which the evidence tends to prove, including every fair inference deducible therefrom. *Pinnell* v. *Stringer*, 59 Ind. 555; *Atherton* v. *Sugar Creek, etc., Co.*, 67 Ind. 334; *Willcuts* v. *Northwestern M. L. Ins. Co.*, 81 Ind. 300; *Ruff* v. *Ruff*, 85 Ind. 431; *Kincaid* v. *Nicely*, 90 Ind. 403; *Bethell* v. *Bethell*, 92 Ind. 318.

In this case there was evidence tending to show that the appellant did not provide proper machinery and appliances for moving such a heavy shaft, and there was also evidence tending to show that the person in charge of the moving of the shaft was incompetent, and that the plaintiff, without any fault of his, was injured by reason of the negligence of the defendant, in failing to provide such machinery, and in employing such incompetent person, under whose direction it was the duty of the plaintiff to act.

In such cases the employer may be liable. *Thayer* v. *St.*

*Louis, etc., R. R. Co.,* 22 Ind. 26; *Chicago, etc., R. W. Co.* v. *Harney,* 28 Ind. 28; *Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261 (38 Am. R. 134); *Columbus, etc., R. W. Co.* v. *Arnold,* 31 Ind. 174; *Indiana, etc., Co.* v. *Millican,* 87 Ind. 87; *Rogers* v. *Overton,* 87 Ind. 410; *Boyce* v. *Fitzpatrick,* 80 Ind. 526.

There was evidence tending to show every material fact necessary to the plaintiff's recovery.

The superior court in general term did not err in affirming the judgment of the court in special term. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Nov. 21, 1884. Petition for a rehearing overruled Jan. 23, 1885.