# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1888, IN THE SEVENTY-SECOND YEAR OF THE STATE.

---

No. 13,231.

### BRAVARD *v.* THE CINCINNATI, HAMILTON AND INDIANAPOLIS RAILROAD COMPANY.

STATUTE.—*Publication and Distribution "by Authority."—Railroad Law of 1852.*—The publication and circulation by the secretary of state of the railroad law of 1852, under a resolution passed by the General Assembly, in advance of the publication of the revised statutes of that year, constituted a publication and circulation of such law "by authority," within the meaning of the Constitution.

RAILROAD.—*Act of 1852.—Grant of Right of Way in Advance of Organization.—Ratification.*—Under section 13 of the railroad law of 1852 (1 G. & H. 508), construed in connection with other powers of a railroad company, it was competent for a land-owner to grant a right of way over his land to a railroad company in advance and in aid of its organization, and for the company, after its organization, to ratify and accept the grant by entering upon and using the land for the purposes of its road, and thus make such grant obligatory.

SAME.—*Failure to Complete Road Within Time Limited.—Forfeiture of Franchise.—Ejectment.*—The failure of a railroad company to construct its road within the time limited by statute may afford cause for enforcing, by proper proceedings, a forfeiture of its corporate powers, but it is not available to a land-owner in an action to eject the company from his land after the road has been constructed thereon.

Bravard *v.* The Cincinnati, Hamilton and Indianapolis Railroad Co.

SAME.—*Trespassing Railroad.*—*Estoppel.*—*Ejectment.*—*Injunction.*—*Assessment of Damages.*—A trespassing railroad company may be ejected from land, or enjoined from appropriating or using it, if the owner shall proceed with reasonable promptitude; but if he acquiesces until the road has been constructed across his land and has become a part of the railroad line, in which the public has acquired an interest, his only remedy is through a proceeding for the assessment of damages.

From the Rush Circuit Court.

*B. L. Smith, W. J. Henley, C. Cambern* and *T. J. Newkirk,* for appellant.

*R. D. Marshall,* for appellee.

NIBLACK, C. J.—This was in form an ordinary action by Benjamin D. Bravard against the Cincinnati, Hamilton and Indianapolis Railroad Company to recover the possession of a strip of ground appropriated and used by the company as a part of its right of way and line of road.

The circuit court tried the cause without a jury, and the finding and judgment were for the defendant.

It was shown by the evidence that the plaintiff below, and the appellant here, was the owner by devise from his father, Lewis Bravard, of the tract of land of which the strip in controversy constitutes a part; that the said Lewis Bravard was, on the 2d day of February, 1853, the owner in fee of that tract of land, and that he, on that day, executed to the Ohio and Indianapolis Railroad Company a release of the right of way over that land; that the Ohio and Indianapolis Railroad Company did not organize until the 4th day of February, 1853, two days after the right of way was granted as above; that, on the 20th day of April, 1853, the Ohio and Indianapolis Railroad Company and the Junction Railroad Company were, by articles of agreement, consolidated under the name of the latter company; that the Junction Railroad Company, as thus reorganized, was, in November, 1872, purchased by the appellee, the Cincinnati, Hamilton and Indianapolis Railroad Company, at a master's sale under a decree of foreclosure rendered by the circuit court of

the United States for the District of Indiana, by means of which the appellee succeeded to all the rights and liabilities of the Junction Railroad Company; that before the consolidation took place, the Ohio and Indianapolis Railroad Company made a preliminary survey of a proposed line of road over the tract of land now belonging to the appellant, as stated, and that, after the consolidation, the Junction Railroad Company continued the preliminary survey and located its line of road over and upon the strip of land in question; that no work was done on the appellant's land until the summer of 1867, when the line of road, as it now runs and is operated, was constructed; that Lewis Bravard owned and lived upon the tract of land, since acquired by the appellant, at the time the line of road was so constructed, and did not object to the road being built over the land; that the amount of land taken and appropriated in the first instance, and now used by the appellee, is two acres and eighty-nine hundredths of an acre.

The appellant bases his right to recover in this action upon the grounds :

*First.* That, on the 4th day of February, 1853, there was no general law in force in this State authorizing the incorporation of railroad companies.

*Secondly.* That, as the grant of the right of way was executed by Lewis Bravard before the Ohio and Indianapolis Railroad Company was assumed to be organized, it was at all events inoperative and void.

*Thirdly.* That, as the Junction Railroad Company did not construct its line of road within the time limited by the railroad law of 1852, it forfeited all right which it may have first acquired to construct such line of road, and became a mere trespasser upon the lands which it thereafter proceeded to further appropriate and to use in building its road.

*Fourthly.* That, as no compensation was ever assessed and paid for the strip of land in dispute, he has a right to reclaim and to recover the possession of that strip, notwithstanding

his and his ancestor's long acquiescence in its use by the appellee.

On the 9th day of June, 1852, a joint resolution of the General Assembly of this State was approved, which authorized the secretary of state to publish and circulate the general railroad law of that year, and certain other acts of the same Legislature, in pamphlet form, in advance of the publication and distribution of the general system of laws thereafter known as the Revised Statutes of 1852. This was accordingly done, and constituted a publication and circulation of the general railroad law, and other laws specially named in the joint resolution, "by authority," within the meaning of the present Constitution of the State, by means of which these laws came into force some months previous to the 4th day of February, 1853.

A railroad company, or any other similar corporation, organized under a general law, has undoubtedly the power to ratify and confirm any preliminary thing which may have been properly done in aid of, or which may have been offered as an inducement to, its organization. This extends to the payment of preliminary expenses which may have been incurred, to the subscription of stock, and other kindred matters. The 13th section of the act of 1852 authorizing the incorporation of railroad companies (1 G. & H. 508), conferred upon a railroad company the power "To receive, hold, and take, such voluntary grants and donations of real estate and other personal property as shall be made to it, to aid in the construction, maintenance, and accommodation of such railroad."

This necessarily included the right of way over, as well as any other appropriate interest in, real estate. Construing this provision of the statute in connection with other and conceded powers of a railroad company, we think it was competent for Lewis Bravard to grant the right of way over his land to the Ohio and Indianapolis Railroad Company in advance, and in aid of its organization, and for that company,

after its organization, to ratify and accept the grant, and thus make it obligatory upon him.

This grant by Lewis Bravard seems to have been made to the Ohio and Indianapolis Railroad Company by its corporate name, from which we infer that it was executed in anticipation of, and as an inducement to, its organization, which speedily thereafter ensued. The subsequent entry upon the land, and location of a line of road over it, were, under the circumstances, an implied ratification and acceptance of the grant, and made it effectual as a relinquishment of the right of way to the company.

The failure of a railroad company to construct its road within the time limited by the statute may afford good cause for enforcing a forfeiture of its corporate powers by proper legal proceedings instituted for that purpose, but such a failure can not be taken advantage of by a land-owner, over whose land the road may have been eventually constructed, to eject the company from his land. *Cincinnati, etc., R. R. Co.* v. *Clifford,* 113 Ind. 460.

In addition to what we have said, it may be stated that the accepted doctrine now is, that, where a railroad company enters upon the land of another, without the consent of the owner, and not by the exercise of the right of eminent domain, it may be ejected from the land, or enjoined from appropriating or using it, if the owner shall proceed with reasonable promptitude; but that if the owner stands by, and acquiesces, until the company has expended its money and constructed its road across his land, and until the road at that point has become a part of its railroad line, whereby the public, as well as the company, has acquired an interest in the maintenance of the enterprise, he forfeits every remedy except that of proceeding to have his damages assessed and collected from the company. *Midland R. W. Co.* v. *Smith,* 113 Ind. 233; *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 581; *Evansville, etc., R. R. Co.* v. *Nye,* 113 Ind. 223.

In any view of the evidence which we feel justified in

taking, the court below did not err in its finding and judgment in favor of the appellee.

The judgment is affirmed, with costs.

