The Pennsylvania Company *v.* Brush, Administratrix.

Filed Feb. 18, 1892.

---

## No. 15,115.

### THE PENNSYLVANIA COMPANY *v.* BRUSH, ADMINISTRATRIX.

NEGLIGENCE.—*Of Railroad Company.—Defective Tie.—Injury to Employe.*— In an action for the death of plaintiff's decedent, alleged to have been caused by the defendant's negligence, the complaint alleged that while the decedent, a yard conductor in the employ of the defendant, was making up a train and coupling cars his foot caught under the slivered portion of a defective tie, whereby he was, without fault on his part, thrown down on the track, run over and killed; that the decedent had no knowledge of the defective tie which caused his injury, and that the defendant had knowledge of such defect long enough before the decedent was injured to have repaired the same, but negligently failed and refused to make such repair.s

*Held*, that the complaint stated a cause of action.

BILL OF EXCEPTIONS.—*Evidence.*—The long-hand manuscript of the evidence, taken by the official reporter, does not become part of the record on appeal to the Supreme Court unless it is embodied in a bill of exceptions.

From the Whitley Circuit Co

*J. Brackenridge* and *A. Zollars*, for appellant.

*L. M. Ninde* and *H. W. Ninde*, for appellee.

The Pennsylvania Company v. Brush, Administratrix.

COFFEY, C. J.—The complaint in this case is in a single paragraph, and alleges, among other things, that the appellant possesses, maintains, uses, and operates at the city of Fort Wayne, as part of the Pittsburgh, Fort Wayne and Chicago Railroad and its appurtenances, a large·yard covered with switches and tracks for switching purposes and standing grounds, and upon which trains are to be made up for transportation upon its railroad; that in said yard appellant employs divers locomotives, engines, and divers crews of employees. to do such switching, and make up such trains for transportation over its road; that, on the 16th day of August, 1887, the deceased, Edward L. Brush, was in the employ of the appellant at said yard as yard conductor, and on that day, and for a long time prior thereto, the appellant had carelessly and negligently suffered and permitted one of its tracks near the crossing of the same with Hanna street to become and remain out of repair, and in a dangerous condition for the deceased, and other employees, to do their work, and to switch, conduct, couple, and uncouple, and make up trains thereon, and that on that day, and a long time prior thereto, appellant had carelessly and negligently suffered and permitted a certain tie under its track on said yard to become and remain for a long period of time split, slivered and out of condition, and dangerous, and negligently suffered said split and slivered portion of the tie to be and become raised up and sprung away and separated from the main portion of said tie, whereby it had been and was on that day dangerous to the deceased and the other employees of appellant in doing their switching and conducting and making up trains; that by reason of the condition of the tie the track was uneven, out of repair, and dangerous for the purposes for which it was used; that on the 16th day of August, 1887, it became and was the duty of the deceased to conduct one of the appellant's engines and trains over and along the track, and couple and uncouple certain cars on said train, at the point where the defective tie was situated; that

The Pennsylvania Company *v.* Brush, Administratrix.

while so engaged in conducting, managing and making up the train it became and was his duty to couple certain cars therein; that he carefully and diligently went in between the cars to couple the same, and while he was so conducting the train and coupling the cars, and carefully moving along between the same to effect the coupling, his foot came in collision with and caught under and against the defective tie, and against and under the split and slivered portion thereof, whereby he was, without any fault whatever on his part, thrown down on the track, run over and killed; that the deceased did not know at the time he was injured and killed, nor had he at any time theretofore, any knowledge of the defect which caused his injury; and that the appellant had knowledge of such defect long enough before the deceased was injured to have repaired the same, but negligently failed and refused to make such repair.

As preliminary to the objection urged against this complaint, it is proper to say that it is the duty of the master to use ordinary care and diligence to provide safe working places and safe machinery and appliances for his employees, the neglect of which is an actionable wrong, and he can not absolve himself from liability by delegating such duty to another.

It is not only the duty of the master to exercise reasonable care to furnish his employee with a safe place to work and safe machinery, but it is his further duty to exercise a reasonable supervision over it, and to exercise ordinary care in keeping it safe for the use of his servant. *Nordyke & Marmon Co.* v. *Van Sant,* 99 Ind. 188; *Indiana Car Co.* v. *Parker,* 100 Ind. 181; *Krueger* v. *Louisville, etc., R. W. Co.,* 111 Ind. 51; *Pennsylvania Co.* v. *Whitcomb,* 111 Ind. 212; *Bradbury* v. *Goodwin,* 108 Ind. 286; *Lake Shore, etc., R. W. Co.* v. *McCormick,* 74 Ind. 440.

These principles of the law are not disputed by the appellant, but it is earnestly contended that the nature of the defect causing the injury was such that the deceased was

bound to know of its existence; and, this being so, he is presumed to have taken upon himself the increased risk occasioned by the defect described in the complaint.

It is true that where a servant engages with the master to perform work in a place which such servant knows to be unsafe, or where such place is in such condition that the danger is perfectly apparent, the servant takes upon himself the risk incurred thereby, and is presumed to have contracted with reference to the danger he encounters, and, if injured in the service, he has no right of action against the master. *Lake Shore, etc., R. W. Co.* v. *Stupak*, 108 Ind. 1; *Griffin* v. *Ohio, etc., R. W. Co.*, 124 Ind. 326; *Vincennes, etc., Co.* v. *White*, 124 Ind. 376; *Rietman* v. *Stolte*, 120 Ind. 314; *Indiana, etc., R. W. Co.* v. *Dailey*, 110 Ind. 75.

But in this case it is expressly alleged that the deceased had no knowledge of the existence of the defective tie which caused his injury. There is nothing in the complaint from which it can be inferred that it was any part of his duty to inspect the road, and presumably such duty belonged to those whose business it was to keep the road in repair. Nor is there anything in the complaint from which we can assume that he passed over that portion of the track where the defective tie was found at any time between the date at which it became out of repair and the date of the injury.

In our opinion the complaint states a cause of action, and the court did not err in overruling the demurrer addressed thereto.

It is also insisted by the appellant that the evidence in the cause does not sustain the verdict of the jury.

This contention is met by the appellee with the claim that the evidence is not in the record, and that for this reason the objection urged is not before us.

From a return to the writ of *certiorari* issued out of this court it appears that the long-hand manuscript of the shorthand reporter was not embodied in a bill of exceptions.

A skeleton bill was prepared and signed, leaving a blank

for the insertion of the long-hand manuscript of the evidence. This did not bring the evidence into the record. It could only be brought into the record by being *embodied* in a bill of exceptions. *Woollen* v. *Wishmier,* 70 Ind. 108 ; *Lowery* v. *Carver,* 104 Ind. 447 ; *Wagoner* v. *Wilson,* 108 Ind. 210 ; *Stone* v. *Brown,* 116 Ind. 78 ; *Colt* v. *McConnell,* 116 Ind. 249 ; *Flint* v. *Burnell,* 116 Ind. 481 ; *Harrell* v. *Seal,* 121 Ind. 193 ; *Patterson* v. *Churchman,* 122 Ind. 379 ; *Ohio, etc., R. W. Co.* v. *Voight,* 122 Ind. 288.

The evidence not being in the record, the question as to whether it supports the verdict is not before us.

Judgment affirmed.

OLDS, J., took no part in the decision of this cause.

Filed Oct. 7, 1891 ; petition for a rehearing overruled Feb. 20, 1892.