## BINGLE v. THE STATE.

[No. 20,140.   Filed November 3, 1903.]

CRIMINAL LAW.—*Larceny.—Church Property.—Indictment.— Ownership of Property.*—An indictment for larceny charging that the property stolen was the personal goods and chattels of persons named as trustees of a certain church is not bad for failing to state that the property belonged to the church, it not being shown that the church had ever been incorporated. *pp. 369, 370.*

APPEAL AND ERROR.—*Record.—Bill of Exceptions.*—The evidence is not in the record where what purports to be the original bill of exceptions follows the certificate, and is in no way referred to or identified by the certificate and there is nothing in the record or certificate showing that the bill of exceptions was filed after it was signed by the judge. *pp. 370, 371.*

From Spencer Circuit Court; *F. J. Rinehard*, Special Judge.

James Bingle was convicted of larceny, and appeals. *Affirmed.*

*W. Z. Bennett* and *E. J. Crenshaw*, for appellant.

*C. W. Miller*, Attorney-General, *C. C. Hadley*, *W. C. Geake*, and *L. G. Rothschild*, for State.

MONKS, C. J.—Appellant was charged by indictment with the crime of petit larceny. Trial, verdict of guilty, finding that appellant was forty-four years of age, and judgment on the verdict.

The errors assigned challenge the sufficiency of the indictment and the action of the court in overruling appellant's motion for a new trial.

The indictment charged that the property stolen was the "personal goods and chattels of Robert T. Lang, Andrew J. Bauman, Daniel Ehret, Uriah McCoy, and Jacob Scammahorn, as trustees of the Ebenezer United Brethren Church." Appellant contends that the property alleged to have been stolen was the property of the United Brethren Church, and not the property of the trustees, and

VOL. 161—24

that it should have been alleged in the indictment that the property stolen belonged to the church, stating its corporate name. It is insisted by appellant that for this reason the indictment was bad and the court erred in overruling his motion to quash.

It is not alleged in the indictment that the "Ebenezer United Brethren Church" was ever incorporated, and we can not presume that it was, as against an allegation that the article stolen was the property of the persons named "as trustees" of the church. It has been held in this State that a church incorporated under our statutes may sue and be sued in the names of the trustees. *Gaff* v. *Greer,* 88 Ind. 122, 124, 125, 45 Am. Rep. 449, and cases cited. It is clear, however, that a church congregation which has never been incorporated may act by trustees chosen from time to time by the members of such congregation, and the title to and possession of the property, real and personal, of such congregation may be in the trustees. In such cases actions concerning said property may be in the individual names of the trustees. *Dwenger* v. *Geary,* 113 Ind. 106, 121; *Beatty* v. *Kurtz,* 2 Pet. (U. S.) 566, 7 L. Ed. 521. It is evident that the objection urged is not tenable.

The questions presented by the motion for a new trial depend for their determination upon the evidence which the Attorney-General insists is not in the record because what purports to be an original bill of exceptions is not embraced in the transcript, but has been attached to the transcript following the certificate of the clerk. The certificate of the clerk states that "the above and foregoing transcript contains full, true, and complete copies of all the papers and entries in the cause, except affidavits and counter affidavits filed in support of the same as required by the foregoing precipe as the same appears of record in my office." What purports to be the original bill of exceptions follows said certificate, and is in no way re-

ferred to or identified by said certificate. Neither is there anything in the record or certificate showing that said bill of exceptions was filed after it was signed by the judge. Upon the authority of *Butt* v. *Lake Shore, etc., R. Co.,* 159 Ind. 490, *DeHart* v. *Board, etc.,* 143 Ind. 363, Ewbank's Manual, §§32, 116, §1916 Burns 1901, §1847 R. S. 1881 and Horner 1901, *Drake* v. *State,* 145 Ind. 210, 217, 218, and cases cited, *Merrill* v. *State,* 156 Ind. 99, 103, 104, and cases cited, *Indiana, etc., R. Co.* v. *Lynch,* 145 Ind. 1, 3, and cases cited, *Louisville, etc., R. Co.* v. *Schmidt,* 147 Ind. 638, 652, *Makepeace* v. *Bronnenberg,* 146 Ind. 243, 249, *Ayres* v. *Armstrong,* 142 Ind. 263, 264, and cases cited, Elliott, App. Proc., §805, we hold that the evidence is not in the record.

Judgment affirmed.