## BLACK v. THE STATE OF INDIANA.

[No. 21,242. Filed November 24, 1908.]

1. APPEAL. — *Briefs.* — *Points and Authorities.*—*Waiver.*—Assignments not set out in the "points and authorities" part of appellant's brief are waived. p. 295.
2. SAME.—*Bill of Exceptions.*—*When Part of Record.*—Where the original bill of exceptions is attached to the transcript after the clerk's general certificate, and a special certificate is attached thereto stating that "the above and foregoing original longhand manuscript of the evidence," taken and certified by the official reporter, was filed by defendant, such bill is not in the record. p. 295.

3. APPEAL.—*Bill of Exceptions.*—*Requirements.*—The approval by the judge is absolutely essential to a valid bill of exceptions. p. 296.

4. SAME.—*Failure to Present Errors.*—*Affirmance.*—Where appellant fails to present any question for decision, the judgment below will be affirmed.  p. 296.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Prosecution by The State of Indiana against George Black. From a judgment of conviction, defendant appeals.  *Affirmed.*

*George T. Whitaker* and *S. A. D. Whipple,* for appellant. *James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

GILLETT, J.—Prosecution for exhibiting a gaming device for gain.  The questions raised depend for their proper determination upon the evidence, since no other questions are made, except such as pertain thereto, under the portion of appellant's brief devoted to points and authorities.   The method by which it has been sought to bring the evidence into the record, so far as certificates by the clerk are concerned, has been by appending what purports to be the original bill of exceptions to the transcript, following the clerk's general certificate, and by adding to said bill a special certificate by the clerk, under the seal of the court, to the effect that the defendant in the cause had filed in the clerk's office on a certain day "the above and foregoing original longhand manuscript of the evidence," taken and certified by the official reporter. It is clear upon this state of the record that the bill of exceptions is not before us.  *DeHart* v. *Board, etc.* (1896), 143 Ind. 363; *Johnson* v. *Johnson* (1901), 156 Ind. 592; *Butt* v. *Lake Shore, etc., R. Co.* (1902), 159 Ind. 490; *Bingle* v. *State* (1902), 161 Ind. 369; *Huber Mfg. Co.* v. *Busey* (1896), 16 Ind. App. 410.

Relative to the clerk's second certificate, if we were to attach force to it, it is insufficient, since it fails to authenti-

cate said bill. It is the bill of exceptions, and not the
3. original longhand manuscript of the evidence, which
the clerk is authorized to certify to. We look to the
original bill to determine what the evidence was; for, when
the bill is before us, it is the act of the judge which gives
authenticity to the contents of the bill. *Adams* v. *State*
(1901), 156 Ind. 596; *Henderson* v. *McAllister* (1895), 141
Ind. 436; *Pennsylvania Co.* v. *Brush* (1892), 130 Ind. 347.

As the record fails sufficiently to present any ques-
4. tion for our decision, it follows that the judgment
must be affirmed.

It is so ordered.