## HUFFMAN v. THOMPSON ET AL.

[No. 21,971. Filed April 19, 1912.]

1. EXCEPTIONS, BILL OF.—*Sufficiency.*—A paper attached to the transcript of the pleadings following the clerk's certificate, having no identification, and beginning abruptly by a supposed admission of the parties on the trial, followed by what purports to be the evidence, and by the certificate of the reporter that it is the long-hand transcript of the evidence offered and given, etc., and followed by a certificate of the trial judge that the same is a full, true and complete transcript of the evidence had in said cause, has none of the requisites of a bill of exceptions. p. 367.

2. EXCEPTIONS, BILL OF.—*Incorporating Transcript of Evidence.— Certificate of Judge.—Filing of Bill.*—The transcript of the evidence need not be filed in the clerk's office before being incorporated in the bill of exceptions, but the record must show that the transcript has been incorporated in the bill of exceptions, that the bill has been signed by the trial judge, and that it was filed after being so signed. p. 368.

3. APPEAL.—*Briefs.—Statement of Evidence.*—The statement in appellant's brief of his conclusions as to what the evidence is and citing the pages where it may be found, is insufficient under Supreme Court rule twenty-two, requiring the brief to contain a condensed recital of the evidence in narrative form, where insufficiency of the evidence is assigned. p. 368.

From Kosciusko Circuit Court; *Walter Brubaker,* Special Judge.

Action by Roy Huffman against Charles Thompson and others. From a judgment for defendants, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*Sloane & Eschbach,* for appellant.
*Wood & Aiken,* for appellees.

MYERS, J.—Appellant filed a complaint for partition of real estate, to which there were answers by appellees alleging indivisibility.

The court on the trial found the land not susceptible of division without damage to the owners, and from that judgment this appeal is prosecuted on the sole ground of the insufficiency of the evidence.

No bill of exceptions was filed at any time. There is a paper attached to the transcript of the pleadings, following the clerk's certificate, which is called a transcript of the evidence. It has no heading, or similitude to a bill of exceptions, and there is no identification of any character. It begins abruptly by a supposed admission of the parties on the trial, followed by what we assume was evidence given on the trial, followed by a certificate of the reporter that it is the longhand transcript of the evidence offered and given, and the objections, the ruling of the court, etc., and exceptions, and that it contains all the evidence given in the cause. This is followed by a certificate of the trial judge, "that the foregoing transcript of the evidence filed by Harriet D. Frazer, official shorthand reporter * * * on the 28th day of April, 1909, is a full, true, and

complete transcript of the evidence had in said cause.'' It is not shown where it was filed, or that it contained all the evidence in the cause, nor is it anywhere shown that it was filed after it had been signed by the judge. It has none of the requisites of a bill of exceptions. It is not even identified in any way, or certified by the clerk, and was filed nine days after his certificate bears date.

Counsel for appellant have evidently proceeded under §§1689, 1690 Burns 1908, Acts 1899 p. 384, but they have overlooked the fact that §1690, *supra,* has been declared unconstitutional (*Adams* v. *State* [1901], 156 Ind. 596, 59 N. E. 24) ; but they have not even complied with that section.

If the certificate of the trial judge could be held to be a certification that the transcript contained all the evidence given in the cause, the paper was not even filed as a part of the record in the case, after it was so certified. It is not necessary that a transcript of the evidence should be

2. filed in the clerk's office before being incorporated in a bill of exceptions. *White* v. *State* (1900), 153 Ind. 689, 54 N. E. 763; *Minnick* v. *State, ex rel.* (1900), 154 Ind. 379, 56 N. E. 851; *Diezi* v. *G. H. Hammond Co.* (1901), 156 Ind. 583, 60 N. E. 353. But it must be shown by the record that the transcript has been incorporated into the bill of exceptions, that it has been signed by the trial judge, and that it was filed after being so signed. Ewbank's Manual §32; *Black* v. *State* (1908), 171 Ind. 294, 86 N. E. 72; *Howe* v. *White* (1904), 162 Ind. 74, 69 N. E. 684; *Lane* v. *Bowes* (1904), 32 Ind. App. 330, 67 N. E. 1002. In addition, counsel have not set out the evidence in their brief, as re-

3. quired by rule twenty-two of this court, but have drawn their conclusions as to what the evidence is, and cited the pages where they say it may be found.

The object of the rule is that each member of the court may know from the statement in the brief what the evidence was, without resort to the record.

Rule twenty-two of the Supreme Court.

There is nothing presented to us, and the judgment is affirmed.

NOTE.—Reported in 98 N. E. 113. See, also, under (1) 3 Cyc. 24, 27; (2) 2 Cyc. 1038; (3) 2 Cyc. 1013.