## EDDY v. STATE OF INDIANA.

[No. 8,528.   Filed June 27, 1913.]

1. APPEAL.— Record.— Contents.— Questions Reviewable.— Appeal from Juvenile Court.—Under §1635 Burns 1908, Acts 1907 p. 221, providing for appeals from the juvenile court, where the transcript contained only the affidavit, motion for change of venue, judgment and prayer for appeal, as required by the precipe, no question is presented by a purported special finding of facts following the clerk's certificate to the transcript.   p. 94.
2. APPEAL.—Disposition of Cause.—Appeal from Juvenile Court.— Under §1635 Burns 1908, Acts 1907 p. 221, providing for appeals from the juvenile court, a judgment of such court may be reversed only when the finding of facts or the evidence to sustain the same is found to be insufficient to warrant the judgment.   p. 95.

From Juvenile Court of Marion County (7,003a) ; Newton M. Taylor, Judge.

Prosecution by the State of Indiana against Charles A. Eddy. From a judgment of conviction, the defendant appeals. Affirmed.

C. W. Appleman and W. B. Schoenrogg, for appellant.

Thomas M. Honan, Attorney-General, and Thomas H. Branaman, for the State.

LAIRY, J.—This is an appeal from the Juvenile Court of Marion County. The defendant was charged and convicted in that court of contributing to the neglect of his infant child. The prosecution was based upon §4 of an act entitled "An Act defining a dependent child and a neglected child, and providing for their custody and the punishment

of any person responsible for, or in any way contributing to, such delinquency or neglect.'' Acts 1907 p. 59, §1645 Burns 1908. The statute authorizing appeals in such cases is as follows: ''That an appeal to the appellate court shall lie from any decision and judgment of the juvenile court, except when there has been a plea of guilty. The party appealing shall file a transcript in the office of the clerk of the supreme court within thirty (30) days from the date of the rendition of the judgment appealed from. It is hereby made the duty of the judge of the juvenile court, when such appeal is prayed, to certify the facts of the case in the form of a special finding, and the appellate court shall pass on the sufficiency of such facts to sustain the judgment rendered. In case the party appealing questions the sufficiency of the evidence to warrant the findings thus made by the court, such evidence shall be incorporated in a bill of exceptions filed in said juvenile court and made a part of the record. The special findings and not the informal complaint shall be considered as a basis of the judgment rendered, and no such judgment shall be reversed except as the finding of facts or evidence to sustain the same shall be found by the appellate court to be insufficient. An assignment of error that the decision of the juvenile court is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the judgment and the sufficiency of the evidence to sustain the findings. Cases appealed from such court shall have precedence over all other cases. The prosecution and appeal of such cases shall be governed as to costs and otherwise as to matters not herein provided for by the statutes in reference to criminal prosecutions.'' §1635 Burns 1908, Acts 1907 p. 221.

The judgment appealed from was rendered on November 13, 1912, and the transcript was filed in this court within thirty days after that date as provided by statute.

1. The judge of the juvenile court made out and certified the facts, upon which his judgment was based,

in the form of a special finding, and ordered the same filed with the clerk of the juvenile court. The transcript of the proceedings certified by the clerk does not contain the special findings or a copy thereof. The precipe for the transcript requires the clerk to make out and certify the affidavit, the motion for a change of venue, the judgment, and the prayer for appeal. The transcript contains the parts of the record required by the precipe and nothing more. What purports to be the special finding of facts certified by the judge is appended to the transcript after the clerk's certificate. This is no part of the record and cannot be considered on appeal. *Black* v. *State* (1908), 171 Ind. 294, 86 N. E. 72; *Huffman* v. *Thompson* (1912), 177 Ind. 366, 98 N. E. 113. By the statute heretofore quoted this court is authorized to

2. reverse a judgment of the juvenile court only in the event that the finding of facts or the evidence to sustain the same shall be found insufficient to warrant the judgment.

As the special finding of facts is not in the record, no question is presented for decision.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 277. See, also, 3 Cyc. 172.