## DONOVAN *v.* STATE OF INDIANA.

[No. 22,886.    Filed February 16, 1916.    Rehearing denied May 31, 1916.]

1. CRIMINAL LAW.—*Appeal.—Rulings on Evidence.—Bill of Exceptions.*—Exceptions taken to the admission or exclusion of evidence and presented to the trial court as cause for a new trial must, when presented on appeal for review, be shown by a bill of exceptions. p. 16.

2. CRIMINAL LAW.—*Appeal.—Instructions.—Bill of Exceptions.*— Instructions in a criminal case will not be considered on appeal unless they are brought into the record by a bill of exceptions. p. 16.

3. CRIMINAL LAW.—*Appeal.—Record.*—Where, following the record entries in a transcript on appeal, there appears the certificate of the clerk with his signature and the seal of the court attached thereto authenticating the transcript and, following the certificate and attached to the transcript of the record, there appears what purports to be the original bill of exceptions containing the evidence and a bill of exceptions containing the instructions, but it does not appear, other than by the file mark of the clerk on each of the bills, that they were ever filed with the clerk after having been signed by the judge as required by §2163 Burns 1914, Acts 1905 p. 647, such bills are not in the record. p. 17.

4. CRIMINAL LAW.—*Appeal.—Record.—Bill of Exceptions.—Certificate·of Clerk.*—In a transcript on appeal the clerk's certificate should not precede a bill of exceptions, which it is sought to have made a part of the record, but it should be at the conclusion of the transcript, and it should authenticate the bill as well as the other matters in the record. p. 17. ·

From Marion Criminal Court (43,934); *James A. Collins*, Judge.

Prosecution by the State of Indiana against John Donovan. From a judgment of conviction, the defendant appeals. *Affirmed.*

*William E. Reiley*, for appellant.

*Evan B. Stotsenburg*, Attorney-General, *Alvah J. Rucker, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson* and *Wilbur T. Gruber*, for the State.

Cox, J.—Appellant was convicted in the city court of the city of Indianapolis of the offense of keeping a gaming house. He appealed to the criminal court and was again convicted. From the latter judgment he prosecutes this appeal, and the only error well assigned is that the court erred in overruling his motion for a new trial. The causes for a new trial which are urged as grounds of error requiring a reversal involve charges of the admission of improper evidence and the giving by the court of an instruction to the jury claimed to be erroneous and harmful.

The Attorney-General meets these assertions of error with the contention that, as they require bills of exception containing the evidence and the instructions to present them for consideration on appeal, they are not available for the reason that, it is claimed, neither the evidence nor the instructions are brought into the record by bill. The settled practice requires that the position of the Attorney-General be sustained.

It is an elementary rule that the exceptions taken during the trial to the admission or exclusion of evidence and presented to the trial court 1. as cause for new trial must, when presented on appeal for review, be shown by a bill of exceptions. It has also long been de- 2. finitely settled that in an appeal in a criminal case instructions presented for review must be brought into the record by bill of exceptions, otherwise they can not be considered. *Carr v. State* (1910), 175 Ind. 241, 243, 93 N. E. 1071, 32 L. R. A. (N. S.) 1190; *Donovan v. State* (1908),

170 Ind. 123, 83 N. E. 744.   Following the record entries in the transcript before us there appears the certificate of the clerk, with his signature and the seal of the court attached thereto, authenticating the transcript.   Following this certificate and attached to the transcript of the record, there appears what purports to be the original bill of exceptions containing the evidence and a bill of exceptions containing the instructions. It nowhere appears, other than by a file mark of the clerk on each of the bills, that they were ever filed with the clerk after being signed by the judge as required by the statute.   §2163 Burns 1914, Acts 1905 p. 647.   It has many times been held that such a filing can not be shown in this way. *Harris* v. *State* (1900), 155 Ind. 15, 56 N. E. 916, and cases there cited; *Bingle* v. *State* (1903), 161 Ind. 369, 68 N. E. 645; Ewbank's Manual (2d ed.) §32 and cases there cited.   The clerk's certificate should not precede a bill of exceptions which it is sought to have made a part of the record, but the certificate should be at the conclusion of the transcript, and it should authenticate the bill as well as the other matters in the record.   *Bingle* v. *State, supra; Black* v. *State* (1908), 171 Ind. 294, 86 N. E. 72; *Guthiel* v. *Dow* (1911), 177 Ind. 149, 97 N. E. 426; *Rowan* v. *State* (1916), 84 Ind. 399, 111 N. E. 431; Ewbank's Manual (2d ed.) §115e.

Nothing being presented for decision by the record, the judgment is affirmed.

NOTE.—Reported in 111 N. E. 433.