## CLINE *v.* STATE OF INDIANA.

[No. 10,870.   Filed April 21, 1922.   Rehearing denied June 23,
1922.   Transfer denied June 26, 1923.]

INFANTS.— *Judgments of. Juvenile Court.— Appeals.— Time for
Taking.—Statutes.*—Under §1635 Burns 1914, Acts 1907 p. 221,
providing that an appeal to the Appellate Court shall lie from
any decision and judgment of the juvenile court, except when
there has been a plea of guilty, if taken within thirty days,
an appeal from a judgment of conviction for contributing to
delinquency must be brought within such time, regardless of
§1648 Burns 1914, Acts 1907 p. 266, providing that any person
convicted of such a charge may appeal to the Appellate Court,
as such section relates only to the trial of the accused in the
court below.

From Rush Juvenile Court; *Fremont Miller,* Special
Judge.

Prosecution by the State of Indiana against Ora
Cline.   From a judgment of conviction, the defendant
appeals.   *Appeal dismissed.*

*Chauncey W. Duncan* and *James M. Berryhill,* for
appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward
Franklin White,* for the state.

ENLOE, J.—The appellant was tried and convicted in
the Rush Juvenile Court, upon a charge of contributing
to the delinquency of a girl, a ward of the said court.
His motion for a new trial was overruled and judgment
rendered on April 22, 1920, at which time appellant
asked and was granted time to prepare and file bills
of exceptions.   On the same day notice of appeal to this
court was served upon the prosecuting attorney of Rush
county.   The transcript of the record, however, was not
filed in the office of the clerk of the Supreme Court
until June 21, 1920.

The attorney general urges that this appeal should be
dismissed because of the non-compliance with the stat-
ute, which he insists governs appeals of this character.

Section 1635 Burns 1914, Acts 1907 p. 221, provides: "That an appeal to the appellate court shall lie from any decision and judgment of the juvenile court, except when there has been a plea of guilty. The party appealing shall file a transcript in the office of the clerk of the supreme court within thirty days from the date of the rendition of the judgment appealed from. * * *" Prior to the adoption of the above section no appeal was authorized from any judgment in the juvenile courts of Indiana. *Spade* v. *State* (1909), 44 Ind. App. 529, 89 N. E. 604.

By §1648 Burns 1914, Acts 1907 p. 266, it is provided: "That all trials of persons charged with contributing to the delinquency of a child shall be conducted by the prosecuting attorney in accordance with the rules and procedure under which such trials are now conducted in the criminal court or in the circuit court while exercising criminal jurisdiction; and any person convicted shall have the right of appeal to the appellate court."

This latter section relates to the trial of the accused in the court below and has nothing to do with the matter of an appeal. While the former section has no application to the trial of such causes, but relates solely to *appeals of such causes*. It has been expressly recognized as controlling the rights of the parties on appeal in cases similar to the instant case. *Eddy* v. *State* (1913), 54 Ind. App. 93, 102 N. E. 277.

The appellant urges that this statute only applies in cases where the judgment is against or affects the child, but we cannot concur in this view. The language of the statute is,—"an appeal to the appellate court shall lie from any decision and judgment of the juvenile court," etc. This language covers all judgments rendered, and clearly the appellant is within its provisions. This statute, relating as it does to appeals from **judg-**

ments in a particular class of cases, viz.—judgments rendered by juvenile courts, takes precedence, as to those cases, over the general statute governing appeals in criminal cases. It occupies the whole field, as to judgments in the class named, just as does §2978 Burns 1914, Acts 1913 p. 65, occupy the entire field as judgments concerning matters affecting decedents' estates.

This record not having been filed within the time fixed by §1635 Burns 1914, *supra*, we have no jurisdiction and the appeal is therefore dismissed.