## FEMEYER v. STATE OF INDIANA.

[No. 12,734.   Filed June 30, 1926.   Rehearing denied February 16, 1927.]

APPEAL.—*Judgment in juvenile court will not be reviewed where judge did not certify facts on which judgment was based in accordance with the statute.*—On appeal from a judgment of conviction in the juvenile court, where the judge did not certify to the facts on which the judgment was based in accordance with Acts 1907 p. 221, §1709 Burns 1926, §1635 Burns 1914, no question is presented for review.

From Delaware Circuit Court, sitting as a juvenile court; *Clarence W. Dearth*, Judge.

Forrest Femeyer was convicted of contributing to the delinquency of a girl under the age of eighteen years, and he appeals. *Affirmed.*   By the court in banc.

*Walterhouse & Miller,* for appellant.

*U. S. Lesh,* Attorney-General and *Owen S. Boling,* for the State.

REMY, J.—In the Delaware Circuit Court, sitting as a juvenile court, appellant was convicted of contributing to the delinquency of a girl under the age of eighteen years, the prosecution being based upon §2 of the act of February 23, 1907, defining delinquency of children, and providing for the punishment of persons in any way contributing to the delinquency (Acts 1907 p. 60), as the same was amended by the act of 1917 (Acts 1917 p. 342, §1696 Burns 1926).   Appeals in such cases are

governed solely by the act of March 9, 1907 (Acts 1907 p. 221, §1709 Burns 1926), which provides that when an appeal is prayed, the judge of the juvenile court shall certify the facts of the case ".in the form of a special finding," and that the special finding "shall be considered as the basis of the judgment rendered, and no such judgment shall be reversed except as the finding of facts or evidence to sustain the same shall be found by the Appellate Court to be insufficient."

It appears from the record in the case at bar that the judge did not certify the facts, upon which the judgment was based, in the form of a special finding. The statute authorizing the appeal not having been complied with in that regard, no question is presented for decision. See, *Eddy* v. *State* (1913), 54 Ind. App. 93, 102 N. E. 277; *Cline* v. *State* (1922), 80 Ind. App. 251, 135 N. E. 159.

Affirmed.

Dausman, J., dissents.